ELIZUR V. FOOTE, APPELLANT, *v.* THE MANHATTAN RAILWAY COMPANY AND ANOTHER, RESPONDENTS.

*Reservation of all claim for damages, accrued and to arise to the land conveyed, resulting from the operation of an elevated railroad — what owner is affected thereby.*

One Lathrop, in conveying a piece of property in the city of New York on West Fifty-third street, in front of which an elevated railroad had been constructed, by an independent and unrecorded agreement reserved "all right claim and demand heretofore accrued or arising, or which may hereafter arise or accrue to either of the parties to this agreement, against any and every corporations and corporation, person and persons, for or by reason of the erection and building and maintaining of the elevated railroad as at present constructed in Fifty-third street, in front of the premises above described," and the right "to sue for, collect, compromise, compound and receive to his own use, and release and discharge, any and every such claim and demand now existing and accrued, or

hereafter to arise and accrue, against any corporation or corporations, person or persons, for such elevated railroad, and the using and running of the same."

*Held*, that as the instrument in which this reservation was contained was unrecorded, a purchaser from Lathrop's grantees was not bound thereby.

*Semble*, that this was not a reservation of an easement, but simply of the claims for damages which had been sustained by the grantor by reason of the continuous trespasses of the elevated railroad while he was owner of the property, and also of the claims which might thereafter accrue to his grantees for such damages as they should sustain by reason of like trespasses during their ownership.

That the instrument containing these reservations was a mere personal contract, binding only on the parties thereto, the grantor and grantees, and that a purchaser from such grantees was entitled to bring an action to restrain the railroad company from operating its railroad in front of the premises, because of a continuous invasion of the plaintiff's easement in the street, notwithstanding the fact that the railroad company had obtained from the grantor, Lathrop, a conveyance of his rights and such easements as were affected by the operation of its road.

That the easements in question being appurtenant to the land and incident to its use, Lathrop, the grantor, could not reserve to himself the right to restrain their invasion after he had ceased to own the property.

APPEAL by the plaintiff Elizur V. Foote from a judgment of the Supreme Court, entered in the office of the clerk of the county of New York on the 10th day of February, 1890, dismissing the plaintiff's complaint after a trial at the New York Special Term.

*L. C. Dessar* and *Joseph B. Reilly*, for the appellant.

*Julien T. Davies* and *E. C. James*, for the respondents.

BARRETT, J. :

This is an action to restrain the defendants from operating their elevated railroad in front of the plaintiff's premises, No. 104 West Fifty-third street, in this city, because of a continuous invasion of the plaintiff's easements in that street. The complaint was dismissed upon the ground that the plaintiff had no title to such of these easements as are occupied by the defendants for the purpose of their railroad. The plaintiff purchased the property in June, 1885, from James B. Gillie and Alexander Walker, receiving a full covenant warranty deed. In this deed the premises were properly described, and such description is followed by the usual phrase " together with all and singular the tenements, hereditaments and appurtenances thereunto belonging or in any wise appertaining." This deed unquestionably carried with it the easements in question. Mr. Hilliard,

in his work on Real Property ([3d ed.], vol. 2, p. 356) says: "An easement appurtenant to land passes with the land though the deed neither mentions the easement nor privileges and appurtenances generally, unless it be expressly reserved by the deed or by another made at the same time."

And in *Huttemeier* v. *Albro* (18 N. Y., 51), STRONG, J., observed: "It is a general rule that, upon a conveyance of land, whatever is in use for it, as an incident or appurtenance, passes with it."

The easements in the case at bar were appurtenant and appendant to the estate conveyed. Therefore, they ran with the land and passed by the deed of conveyance. (*Hills* v. *Miller*, 3 Paige, 254; *Manderbach* v. *Bethany Orphans' Home*, 1 Cent. Rep. [Pa.], 402; *Kuecker* v. *Voltz*, 110 Ill., 264.) The defendants claim to have purchased so much of these easements as are occupied by them for the purposes of their railroad. The purchase, however, was from a former owner of the land (Mr. Lathrop), and was made long after the plaintiff acquired title. Mr. Lathrop conveyed the premises in question to the plaintiff's grantors (Messrs. Gillie and Walker) by a full covenant warranty deed containing the same description and the same phrase respecting appurtenances which we find in the plaintiff's deed. It seems, however, that Mr. Lathrop, by an independent agreement with Messrs. Gillie and Walker, reserved certain rights, claims and demands against these defendants, and it was because of this reservation that he claimed the right to sell these easements to them, even after Messrs. Gillie and Walker had conveyed to the plaintiff. The reservation signed and acknowledged by Gillie and Walker was in these words:

"The party of the second part having agreed to convey to the party of the first part the premises on the southerly side of West Fifty-third street, in the city of New York, 25 feet in width by one hundred feet in depth, one hundred feet easterly of Sixth avenue. Now, it is mutually agreed between the parties *that all right and claim and demand* heretofore accrued or arisen, or which may hereafter arise or accrue, to either of the parties to this agreement *against any and every corporations and corporation, person and persons, for, or by reason of the erection and building and maintaining of the elevated railroad, as at present constructed in Fifty-third street, in front of the premises above described,* on

West Fifty-third street, and the running and using of the same shall belong to, and are hereby retained by and reserved and granted to William J. Lathrop, Jr., and his legal representatives and assigns, and are hereby excluded and excepted from any and every grant and conveyance of said premises, or any part thereof, with full liberty and power and authority to said Lathrop *to sue for, collect, compromise, compound and receive to his own use, and release and discharge any and every such claim and demand now existing and accrued, or hereafter to arise and accrue against any corporation or corporations, person or persons, for such elevated railroad, and the using and running of the same.*"

This was not a reservation of the easement or of any part of it. It was simply a reservation of Mr. Lathrop's rights, claims and demands against these corporations for the damages which he had sustained by reason of their continuous trespasses while he was the owner of the property ; a reservation also of the rights, claims and demands which might thereafter accrue to Messrs. Gillie and Walker for such damages as they should sustain by reason of like trespasses during their ownership. And these reservations were a mere personal contract, binding only on Gillie and Walker.

The easements in question being appendant to the land and incidents to its use, Mr. Lathrop could not reserve to himself the right to restrain their invasion after he had ceased to own the property. The right to enjoin the continuous deprivation of such incidents can only be possessed and enforced by the owner of the fee. He alone can be interested in maintaining free access to his premises, and in defending the incidental enjoyment of light and air.

But even if these easements could be and were reserved, the plaintiff purchased from Gillie and Walker without notice of such reservation. The instrument under which such reservation is claimed was not recorded, and the plaintiff was certainly not put upon inquiry as to an unrecorded document limiting the estate granted in a recorded deed. The only inquiry put upon the plaintiff was as to the rights of the defendants. If they had purchased the easements from some one authorized to sell them before the plaintiff acquired his title, he would have taken subject to the rights thus secured. (*Mitchell* v. *Metropolitan Elevated Railroad*

*Company,* 56 Hun, 543.) But it would be a strange doctrine that would require a purchaser to look up former owners of land to see whether they have privately reserved easements which are fully covered by their recorded deeds.

The plaintiff made out a proper case for the usual relief in this class of actions, and the judgment should, therefore, be reversed and a new trial ordered, with costs to the appellant to abide the event.

VAN BRUNT, P. J., and BARTLETT, J., concurred.

Judgment reversed, new trial ordered, costs to appellant to abide event.