By the Court.—McAdam, J.
The main questions urged upon this appeal, are such as have already been passed upon adversely to the defendants’ contention and need not be again considered. The deed from the plaintiff was made after suit brought, and the transfer of title was not pleaded by supplemental answer or otherwise. In the contract and deed, a reservation, drawn in form similar to that which in the case of Henderson v. N. Y. Cent. R. R. Co., 17 Hun, 344, affirmed 78 N. Y. 423, was held to be sufficient to entitle a vendor to enforce by injunction the permanent damage done to his property, was inserted to save the ulaintiff’s *477 rights of action. The conveyance did not bar or otherwise interfere with the pending litigation. It was made upon the express condition that it should not interfere with it. It would be unreasonable to suppose that one who has sold his property for a much less price on account of the railway should not be able to reserve and enforce his right to compensation for the loss. The right of purchasers to maintain equitable actions has been sustained on the theory that they succeeded to the right to enjoin the operation of the railway. The vendee in this case purchased no such right. He bought knowing that the vendor had a pending action for an injunction and damages, and that whatever rights were secured or damages recovered in that proceeding were to belong to the plaintiff therein, for he had expressly excepted and reserved them from the operation of the grant. The recovery by the plaintiff bars any action by the purchaser for the same cause of action, and this circumstance deprives the defendants’ objection of all practical significance. The damages recovered belong to the plaintiff. They were assessed on legal principles and are fully sustained by the proofs, both as to the subject matter and amount.
The defendants’ proposition seems to be, that having conveyed the property, to which the easement is appurtenant and appendant, it ran with the grant of the land, and that the plaintiff having lost both property and easement, the equitable jurisdiction to enjoin the defendants by injunction ceased, and could not be exercised for the sole purpose of assessing damages, and hence the court below had no power either to award damages or to enjoin the operation of the defendants’ road. The plaintiff had a right to the relief when he brought his suit, and should not be deprived of it by any subsequent act short of parting with his entire right of action. Pom. Eq. Juris., §§ 231, 242. If the defendants had applied to the court for leave to serve a supplemental answer, pleading the transfer made after issue *478 joined, the plaintiff might have elected to discontinue his action, or if he' had concluded that the easement passed with the grant might have consented to the sup- • plemental answer unless his grantee elected to continue the action, or he might under section 756 of the Code have joined the grantee as a co-plaintiff, and allowed the action to proceed for their joint benefit. That course was not pursued and the plaintiff missed these opportunities. The defendants ask us upon this appeal to give full effect to a technical objection not pleaded, that might have been obviated if made in time and according to prescribed practice.
The deed in question on its face contains this provision : “ Reserving to the vendor all damages to said property caused or to be caused by the present, past or future maintenance and operation of the elevated railway on Division street as now constructed, and the fee and easement in Division street now or heretofore or hereafter occupied and invaded by the said elevated railway structure when maintained and operated, as aforesaid, and the conveyance is made subject to the said reservation to the said party of the first part, his heirs, executors and administrators.”
The property is located on Division street, which was laid out in 1765 by an agreement between Henry Rutgers and James DeLancey, who owned the land between which it runs upon the division line between their premises. Plaintiff’s predecessor in title was Henry Rutgers. (Finding V., p. 27, fol. 107.) Under that agreement each reserved a fee in one-half the roadway subject to the right of the public to use it as a street:
This circumstance, peculiar to Division street, is not to be overlooked.
Notice of the grants was notice of their contents, which include the reservations. No one has been or could be misled or injured to his prejudice, in which respect the case differs from Foote v. The Manhattan Railway Co., 58 Hun, 478. The easement reserved in *479 this instance was, as will be observed, more tangible than mere sunlight or-air, and is hardly open to the criticism made against it. We think the plaintiff, by the reservation in the grant, preserved his right to continue the action, and that he wras entitled to the relief he obtained.
For this reason, as wrell as upon the further ground that the technical objection urged against the recovery was not raised by supplemental answrnr, and is not now available to the defendants, the judgment appealed from must be affirmed, with costs.
Sedgwick, Ch. J., concurred.