WILLIAM P. HAWES, Appellant, *v.* CHARLES G. DOBBS et al., Respondents.

D. who was the owner of certain premises, upon which were three mortgages, sold and conveyed the same to N. subject to the mortgages, in pursuance of a building contract, by which D. agreed to advance to N. $45,000 to aid in erecting buildings on the premises. D. thereafter conveyed to H. an undivided fourth part of the premises, subject to the mortgages, pursuant to an agreement between them and D. whereby the latter agreed to protect and secure to H. the interest so conveyed. Subsequently H. paid to the account of D. $5,500 under an agreement between them by which H. agreed to aid D. in making the advances called for by the building contract with N. D. agreed that N. would secure that sum by his bond and a mortgage upon his balance of the land; this was done. D. also agreed that he would be responsible to H. for the amount so advanced, would protect his interest, in the real estate conveyed and in the mortgage, and would not allow or further any foreclosure sale, under any mortgage owned or controlled by him. D. thereafter procured an assignment to his mother of one of the mortgages upon the property when conveyed to N., she paying with her own money the consideration, and in her name D. also caused a foreclosure of the mortgage to be commenced; all the parties interested including H. were made defendants. N. defended and, a judgment of foreclosure having been rendered, appealed therefrom, but having upon the procurement of D. sold and conveyed to the wife of the latter his interest in the property, discontinued the appeal. The premises were sold under the foreclosure judgment and bid off by D. for his wife, she paying the purchase price; she assigned her bid to B. to whom the premises were conveyed. In an action by plaintiff, to whom H. had conveyed his interest in the land and assigned his bond and mortgage and also his interest in the agreement with D., in which action plaintiff asked for judgment adjudging him to be the owner of the undivided one-fourth so conveyed to him, and that his mortgage was a valid lien superior in equity to the rights of any of the defendants, *held,* that the agreement of D. with H. was merely personal and was not a charge upon and gave to the latter no interest in the premises; that his interest as grantee and mortgagee having been cut off by the foreclosure, all that was left to him was his right of action against D. to recover damages for breach of his agreement; and so, that the action was not maintainable.

Also *held,* that as plaintiff in his complaint and upon the trial only asked for equitable relief, he could not complain on appeal because the action was not retained so as to award him legal relief.

(Argued March 8, 1893; decided March 21, 1893.)

APPEAL from judgment of the General Term of the Court of Common Pleas for the city and county of New York, entered upon an order made March 7, 1892, which affirmed a judgment in favor of defendants, entered upon a decision of the court on trial at Special Term.

This was an action in equity.

The facts as alleged in the complaint, and found at the Special Term, are substantially as follows: In June, 1887, the defendant Charles G. Dobbs, owned certain real estate in the city of New York, subject to three mortgages given to secure, in the aggregate, the sum of $39,000. In that month he conveyed the real estate to William H. Niebuhr, subject to the three mortgages, for the consideration of $85,000, and took back a purchase money mortgage for the sum of $46,000. The deed was executed to Niebuhr in pursuance of a building contract between him and Dobbs, by which Dobbs agreed to advance to him the sum of $45,000, in installments, to aid him in erecting buildings upon the real estate. In pursuance of that agreement, Niebuhr executed to Dobbs a mortgage for the sum of $45,000, to secure the money thus to be advanced. Thereafter, in October, 1887, Niebuhr conveyed, by deed, to Gilbert R. Hawes, an undivided one-fourth part of the real estate, subject to the mortgages, and that deed was delivered pursuant to an agreement and understanding between him, Dobbs and Niebuhr, whereby Dobbs undertook and agreed to protect and secure to Hawes and his assigns his interest in the real estate thus conveyed. On the 18th day of June, 1888, there was an agreement made between Hawes and Dobbs, by which Hawes was to aid in the completion of the buildings upon the real estate, and to aid Dobbs in making the loans of money under his building contract with Niebuhr, by advancing, for the account of Dobbs, the sum of $5,500, to be used for that purpose. Dobbs agreed that Niebuhr would, as security for the $5,500 so advanced, execute and deliver to Hawes, his bond and a mortgage upon the balance of the real estate owned by him; that he would protect Hawes, and be responsible to him for the payment of the sum so advanced, with interest;

that he would protect the interest of Hawes in the real estate conveyed to him, and the mortgage so to be given, and that he would not allow or further any foreclosure sale of the real estate under any mortgage thereon then owned or controlled by him, or which thereafter might be owned or controlled by him, which would impair or bar the interests of Hawes either under the deed or mortgage, or divest his rights in the property. The $5,500 was advanced by Hawes, in pursuance of that understanding, and used by Dobbs and credited to him as advanced under the provisions of his building contract with Niebuhr. In pursuance of the agreement Dobbs procured Niebuhr to execute a mortgage for $5,500 to Hawes, as arranged. In November, 1887, Dobbs procured his mother to take an assignment of one of the mortgages which were liens upon the property at the time of his conveyance to Niebuhr, and she paid therefor with her own money the sum of $14,000. Subsequently, in March, 1888, Dobbs caused an action to be commenced for the foreclosure of that mortgage in the name of his mother, the holder thereof, to which action all the persons interested in or having liens upon the real estate, including Hawes, were made defendants. Niebuhr appeared in the action and interposed a defense. The action proceeded to judgment of foreclosure and Niebuhr appealed from the judgment. During the pendency of the appeal Dobbs procured Niebuhr to convey his interest in the real estate to his wife for the sum of $7,000, paid by her, and thereupon Niebuhr discontinued the appeal. Thereafter, sale was made in pursuance of the foreclosure judgment and the real estate was bid off by Dobbs for his wife, and she paid the consideration money. Thereafter she assigned her bid to the defendant, Bergmann, and the referee, who made the sale, executed the deed of the real estate to him. In March, 1888, Gilbert R. Hawes conveyed all his interest in the premises, and assigned his bond and mortgage to the plaintiff, and also assigned to him all his interest under the alleged agreement with Dobbs for the protection of the deed and mortgage, as alleged in the complaint.

The plaintiff, in his complaint, alleging these and other facts, prayed for relief that it be adjudged: (1) that the agreement between Hawes and Dobbs is binding on Bergmann; (2) that the deed from Niebuhr to the wife of Dobbs was solely for the benefit of Dobbs; (3) that the interest of Dobbs as mortgagee of the premises has merged in that of the owner of an undivided three-fourths of the premises; (4) that the liens of the deed and the mortgage of the plaintiff on the premises are superior in equity to the rights of any of the defendants in the premises; (5) that the plaintiff is the owner of an undivided one-fourth part of the premises, and that he has a good and valid lien on a portion of the premises described, to the extent of $5,500 and interest; (6) that the plaintiff be allowed the costs and disbursements of the action; (7) that he have such other or further order, judgment or decree as to the court may seem just and equitable. The Special Term, having found these facts, dismissed the complaint on the ground that the plaintiff was not entitled to any equitable relief.

*Flamen B. Candler* for appellant. This was an action in equity of which the court below had jurisdiction. (Code Civ. Pro. § 416.) The defendants having failed to interpose, either by answer or demurrer, any objection to the exercise by the court of its equity jurisdiction, they were precluded from asking for a dismissal of the complaint on the ground that the plaintiff should have brought his action in law and not in equity. (*Ostrander* v. *Weber*, 114 N. Y. 95, 102; *Town of Mentz* v. *Cook*, 108 id. 507; *Watts* v. *Adler*, 130 id. 646; *Hyatt* v. *Ingalls*, 124 id. 105; *Cass* v. *Cass*, 16 N. Y. Supp. 229.) The judgment and sale in foreclosure constitute no bar to the rights of plaintiff by reason of the fraud and deceit practiced on plaintiff's assignor. (*Mandeville* v. *Reynolds*, 68 N. Y. 328; *Mead* v. *Burns*, 32 id. 275; *Smith* v. *Nelson*, 62 id. 289; *Barker* v. *Lewis*, 67 id. 309; *Pendleton* v. *Wood*, 17 id. 72; *Dobson* v. *Pearce*, 16 id. 156.) The claim of the defendants that the agreement was not in writing is an additional reason why the action should be entertained as one in

equity. (*Robbins* v. *Robbins*, 89 N. Y. 257; *Phillips* v. *Thompson*, 1 Johns. Ch. 143.) If the court could not grant equitable relief it should have awarded legal relief in a personal judgment for damages, to be assessed by a jury or otherwise, and the court, having once acquired jurisdiction and entertained the case, it was error to dismiss the complaint on the ground that plaintiff was not entitled to equitable relief. (*Ostrander* v. *Weber*, 114 N. Y. 102; *Taylor* v. *Taylor*, 43 id. 578; *Rathbone* v. *Warren*, 10 Johns. 595; *Van Rensselaer* v. *Van Rensselaer*, 113 N. Y. 213; *Valentine* v. *Richards*, 126 id. 277; *Sternburger* v. *McGovern*, 56 id. 21.)

*John H. V. Arnold* for respondents. Plaintiff having failed to establish any right to equitable relief his action must wholly fail. (*Bradley* v. *Aldrich*, 40 N. Y. 504.) The plaintiff is not entitled to judgment that the lien of the plaintiff's deed of a one-quarter interest and his mortgage of $5,500, were superior in equity to the rights of any of the defendants in the mortgaged premises. (*Rector, etc.*, v. *Mack*, 93 N. Y. 488.) The exception to the denial of plaintiff's motion to send the issues in the case to a jury is not well taken. (Code Civ. Pro. § 971; *Paul* v. *Parshall*, 14 Abb. [N. S.] 138; *Seymour* v. *McKinstry*, 13 Hun, 284; *Coleman* v. *Dixon*, 50 N. Y. 572; *Wright* v. *Nostrand*, 94 id. 31.)

EARL, J. We agree with the court below that the facts alleged in the complaint, proved upon the trial and found at the Special Term, do not make a case entitling the plaintiff to the equitable relief which he demands. The substance of the agreement was that the defendant Dobbs would protect the deed and mortgage given by Niebuhr to plaintiff's assignor. At that time Dobbs did not own the real estate, and it does not appear that it was then contemplated either by him or Hawes that he would ever become the owner thereof. He did not charge any real estate by the agreement which he made. He simply entered into a personal agreement which he was bound to perform; and the only grievance the plaintiff has against him is that he did not perform it in

that he did not protect the deed and mortgage, but on the contrary instigated and aided in the foreclosure of the mortgage by which the title has in the end been placed in the defendant Bergmann. It is impossible to perceive what right or interest the plaintiff has in the real estate. By a foreclosure which is regular and binding upon all the parties thereto, whatever interest he might otherwise have had as grantee and mortgagee in the premises has been cut off, and all that is left to him growing out of the agreement made by his assignor with Dobbs is the right to pursue Dobbs by a legal action to recover the damages caused by a breach of that agreement. He did not make a case for any equitable relief, and, therefore, the trial judge committed no error in dismissing his complaint. This is not a case where the plaintiff is defeated because, while he had a perfect right of action for equitable relief, he had also a complete remedy at law. If his action had been of that nature, then within the cases of *Grandin* v. *Le Roy* (2 Paige, 509); *Hawley* v. *Cramer* (4 Cowen, 717); *Truscott* v. *King* (6 N. Y. 147); *Town of Mentz* v. *Cook* (108 id. 504); and *Ostrander* v. *Weber* (114 id. 95), he would have been entitled to maintain his action for equitable relief because the defendants had not set up in their answer as a defense that he had a remedy at law. Here the plaintiff is defeated, not because he had a remedy at law, but because upon the facts alleged there was no ground whatever for equitable relief.

It cannot now be said that the plaintiff ought to have been awarded legal relief by way of damages, because in his complaint he prayed only for equitable relief, he brought his action to trial as an equitable action and upon the trial demanded only equitable relief. He did not demand or ask for legal relief. Under such circumstances he cannot now complain that the action was not retained so as to award any legal relief to which he might be entitled for a breach of the agreement alleged in the complaint.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.