AUGUSTUS P. DUDLEY, Appellant, v. THE CONGREGATION OF
THE THIRD ORDER OF ST. FRANCIS, Respondent.

The act of 1854 (Chap. 50, Laws of 1854) giving the Supreme Court
authority to make an order, on application of any charitable, benevolent,
etc., association, authorizing the mortgaging of its real estate, operates
to prohibit the execution of such a mortgage without the order, and a
mortgage executed without it is void.

In an action to foreclose a mortgage when the plaintiff fails to establish
its validity he is not entitled to recover upon the bond sought to be
secured by the mortgage, although the execution of the bond is averred
in the complaint; having failed to establish the mortgage he fails to
establish his cause of action.

Even if it be in the power of the court to permit the plaintiff in such an
action to change its form so as to permit him to enforce his legal remedy
on the bond, this is in its discretion, and its refusal is not legal error.

Reported below, 65 Hun, 21.

(Argued May 3, 1893 ; decided June 6, 1893.)

APPEAL from judgment of the General Term of the Supreme
Court in the first judicial department, entered upon an order

made June 26, 1892, which modified, and affirmed as modified, a judgment in favor of defendant, entered upon a decision of the court on trial at Special Term.

The nature of the action, and the facts, so far as material, are stated in the opinion.

*William H. Shepard* for appellant. The bond and mortgage were executed and delivered by the corporation. (*People* v. *Collins,* 7 Johns. 554; *People* v. *Albertson,* 8 How. Pr. 363; *Coyle* v. *Sherwood,* 1 Hun, 272; *Town of Plymouth* v. *Plymouth,* 17 Conn. 585; *King* v. *Corp. of Bedford Level,* 6 East, 356; *People* v. *Runkle,* 9 Johns. 159; Morawetz on Corp. § 637; Angell & Ames on Corp. §§ 237, 287; *Baird* v. *W. Bank,* 11 S. & R. 411; *Trustees, etc.,* v. *Hills,* 6 Cow. 23; *People* v. *Fleming,* 59 Hun, 518; *M. Co.* v. *A. C. Bank,* 104 U. S. 192; *R. & G. V. R. R. Co.* v. *Clark,* 60 Barb. 249; *People* v. *Murray,* 73 N. Y. 540.) The plaintiff had the right to rely upon the apparent authority of the *de facto* directors and officers of the defendant. (*U. S. Bank* v. *Dandridge,* 12 Wheat. 70; *Cronin* v. *Gundy,* 16 Hun, 524; *Conover* v. *Devlin,* 15 How. Pr. 479.) The judgment in quo warranto was not admissible against the plaintiff. (*People* v. *Murray,* 73 N. Y. 535; *M. Co.* v. *A. C. Bank,* 104 U. S. 192.) The mortgage created a valid lien to secure the amount of the bond. (*Dutch Church* v. *Mott,* 7 Paige, 83; *De Ruyter* v. *Trustees, etc.,* 3 Barb. Ch. 122; *R. S. Bank* v. *Averell,* 96 N. Y. 472; *Robertson* v. *Bullions,* 11 id. 243; *Lancaster* v. *Dolan,* 1 Rawle, 131; *Hardmann* v. *Bowen,* 39 N. Y. 198; Sedg. on Stat. Const. 32; *Leavitt* v. *Blatchford,* 17 N. Y. 543.) The bond is the valid obligation of the defendant. (*Curtis* v. *Leavitt,* 15 N. Y. 218; *R. R. Co.* v. *Lewis,* 33 Penn. St. 33; Jones on Mort. § 179.) The case disclosed by the pleadings, and as it came into court, was one in equity, triable by the court. The court was not only not ousted of jurisdiction by holding the mortgage to be void, but, by the very act of so holding, its jurisdiction was fixed and confirmed and could not be divested. If it had

jurisdiction for any purpose it had for all purposes. It should, therefore, have proceeded to administer the appropriate relief,· even though it could be done only by a judgment *in personam* upon the bond. (*King* v. *Baldwin*, 17 Johns. 384; *Hawley* v. *Kramer*, 4 Cow. 727, 728; *N. Y. I. Co.* v. *N. Ins. Co.*, 23 N. Y. 358; *Barlow* v. *Scott*, 24 id. 40; *Sternberg* v. *McGovern*, 56 id. 20; *Lattin* v. *McCarthy*, 41 id. 111; *Murtha* v. *Curley*, 90 id. 377; *Bell* v. *Merrifield*, 109 id. 207; *Van Rensselaer* v. *Van Rensselaer*, 113 id. 213; *Valentine* v. *Richards*, 126 id. 277; *K. L. Ins. Co.* v. *Nelson*, 8 Hun, 21; *Fitzpatrick* v. *Dorland*, 27 id. 294; *Lynch* v. *E. R. R. Co.*, 129 N. Y. 274; *McGean* v. *E. R. R. Co.*, 133 id. 16; *Frank* v. *Davis*, 135 id. 275; *Burroughs* v. *Fosteran*, 75 id. 572; *Marquat* v. *Marquat*, 12 id. 336; *Barlow* v. *Scott*, 24 id. 40; *Emery* v. *Pease*, 20 id. 64; *Armitage* v. *Pulver*, 37 id. 497; *Corning* v. *T. I. Co.*, 40 id. 207; *Wright* v. *Wright*, 54 id. 443.) The defendant had no right to a jury trial. (*Kinney* v. *Apgar*, 93 N. Y. 539, 550; Code Civ. Pro. §§ 823, 968, 969, 971, 1003; *Carroll* v. *Deimel*, 95 N. Y. 252; *Greason* v. *Keteltas*, 17 id. 498; *Barlow* v. *Scott*, 24 id. 46; *W. P. I. Co.* v. *Reymert*, 45 id. 705; *Baird* v. *Mayor, etc.*, 74 id. 386; *People* v. *A. & S. R. R. Co.*, 57 id. 175, 176; *Hand* v. *Kennedy*, 83 id. 155, 156; *Barnard* v. *Onderdonk*, 98 id. 163, 164; *Helck* v. *Reinheimer*, 105 id. 474.) If the court be of opinion that the mortgage is void and that the judge could not try the issues on the bond, the complaint should not have been dismissed, but the case should have been sent to trial by a jury as an action at law. (*Davis* v. *Morris*, 36 N. Y. 573; *Phelps* v. *Mayor*, 11 N. Y. Supp. 657; 16 id. 323.)

*Peter B. Olney* for respondent. The mortgage is absolutely void because benevolent corporations are prohibited by law from making mortgages on their real estate, without obtaining the leave of the Supreme Court and the approval of that court for the purposes to which the proceeds of the mortgage are to be applied. (*Church* v. *Schoolcraft*, 68 N. Y. 143; *Christie* v. *Gage*, 71 id. 189; *Kent* v. *Q. M. Co.*, 78

id. 185; *Crocker* v. *Whitney*, 71 id. 170.) As this mortgage is void the suit must wholly fail. It cannot be continued as an action to recover on the bond or for the debt, if any there is, which we deny. This action is in the usual form of an action to foreclose a mortgage. An action to foreclose a mortgage, although an equitable action, is modified and restricted as such by certain statutory provisions. (Thomas on Mort. [2d ed.] 542, § 841; Code Civ. Pro. §§ 1626, 1627, 1628; *Loeb* v. *Willis.* 22 Hun, 508; *Frank* v. *Davis*, 16 N. Y. Supp. 369; *Moore* v. *Rector, etc.*, 4 Abb. [N. C.] 56.) The principle of law that when a court of equity has once acquired jurisdiction of a case, it will retain it to render such judgment as equity may demand does not apply to the case at bar. ( *Welsh* v. *Darragh*, 52 N. Y. 592; *Bradley* v. *Aldrich*, 40 id. 504; *Wheelock* v. *Lee*, 74 id. 495.) The judgment in the quo warranto action was properly admitted in evidence. ( *U. Ins. Co.* v. *Scott*, 8 Cow. 710; *Thompson* v. *N. Y. & H. R. R. Co.*, 3 Sandf. Ch. 707; *McVeaney* v. *Mayor, etc.*, 80 N. Y. 185; *Nichols* v. *McLean*, 101 id. 526.) If the Court of Appeals should draw from the facts found, conclusions of law different from those of the court below, this court cannot direct judgment for the plaintiff. It can only order a new trial. (*Ehrich* v. *De Witt*, 75 N. Y. 370; *Thomas* v. *N. Y. L. Ins. Co.*, 99 id. 250.) If a plaintiff brings a purely equitable suit, and on the trial entirely fails to establish any equitable cause of action, he cannot recover against the defendant even if his proofs do establish a cause of action at law. (*McGeon* v. *M. E. R. Co.*, 138 N. Y. 13; *Lynch* v. *M. E. R. Co.*, 129 id. 274; *Hans* v. *Dobbs*, 18 N. Y. Supp. 123; *Stevens* v. *Mayor, etc.*, 84 N. Y. 296; *Gould* v. *N. Bank*, 86 id. 83; *Arnold* v. *Angel*, 62 id. 508.)

O'BRIEN, J. It is important in the determination of the legal questions arising upon this appeal to get a clear view of the precise nature and character of the action. The complaint alleges that on or about the 21st day of July, 1888, the defendant, a domestic corporation, for the purpose of securing to the

plaintiff the payment of the sum of $2,000, with interest, executed and delivered to the plaintiff a bond in double that sum, conditioned for the payment of the debt, in one year from date, with semi-annual interest. That as collateral security for such payment the defendant also executed and delivered at the same time to the plaintiff a mortgage upon certain real estate therein described, which contained a promise or covenant for the payment of the debt at the time and in the manner stipulated in the bond. That the debt was not paid, but default made in the conditions, upon the performance of which both instruments were to become void. The prayer for judgment is that the lands be sold and the proceeds applied upon the debt, and in case of a deficiency that the defendant be adjudged to pay the same.

The answer averred that the defendant was incorporated under the act for the formation of charitable, benevolent and other societies, being chapter 319 of the Laws of 1848. That no order of the Supreme Court was ever made permitting the defendant to mortgage its real estate, as required by chapter 50 of the Laws of 1854, and the execution and delivery of the mortgage was, therefore, put in issue by a denial of these allegations in the complaint. For another defense it was separately stated that the bond was not the obligation of the defendant. That it was executed together with the mortgage by or under the direction of certain persons named, who had previously usurped and intruded into the office of directors, which places they held wrongfully, to the knowledge of the plaintiff, when the bond and mortgage was executed and delivered, and that subsequently, in an action brought by the People, they were ousted and the rightful and lawfully elected directors reinstated. That the instruments were not sealed with the corporate seal or executed or delivered by any corporate authority. It is stated that evidence was given in support of both defenses, but in the disposition of the case the courts below have passed upon but one of them. It was not claimed that the court had ever given its assent to the execution or delivery of the mortgage, and it is found that no such

assent was given and no application therefor ever made. There are also findings that the defendant carried on and maintained " St. Elizabeth's Hospital " upon the lands covered by the mortgage. That both the bond and mortgage were executed by and under the direction of persons who at the time were in possession of the offices of the corporation, and it was authorized by persons who, at the time, assumed to be and were, in fact, acting as the trustees and directors, though they were afterwards ousted from these places by the judgment of the court. It was held that the mortgage was void for the reason that it was made without the order of the court and that the plaintiff was not entitled to a judgment at law upon the bond. The record, therefore, presents two questions: (1) The validity of the mortgage. (2) The right of the plaintiff to recover in this action a general judgment at law upon the debt, evidenced by the bond, in the event that the mortgage is invalid.

The better opinion and the weight of judicial authority is in favor of the view that the English statutes passed in the reign of Elizabeth, restricting religious and charitable corporations from alienating their real estate, have been adopted and followed by the courts of this state in determining the powers which such corporations possess to alienate or incumber their real property. It may be true, as the learned counsel for the plaintiff contends, that these statutes, as such, were never introduced here, but the principle embodied in them became the rule of our courts and the policy of the legislature in dealing with questions of the same nature and character, and, therefore, a part of our municipal law. (*Mad. Av. Bap. Ch.* v. *Bap. Ch. in O. St.,* 46 N. Y. 41; *De Ruyter* v. *Tr. St. Pet. Ch.,* 3 Barb. Ch. 122; *Bogardus* v. *Trinity Ch.,* 4 Paige, 178.) But the question whether these statutes were or were not actually adopted here we do not regard as an important or practical one in this case. This court is firmly committed to the doctrine that § 11 of chapter 60 of the Laws of 1813 (2 R. S. [Banks' 8th ed.] p. 1888, § 11), which is substantially identical in language with that now under consideration,

operates to forbid sales of the real estate of religious corporations without the assent of the court, though the statute in terms simply makes it lawful for the chancellor to make the order in case he shall deem it proper. (*Mad. Av. Bap. Ch.* v. *Bap. Ch. in O. St., supra; Refd. Ch.* v. *Schoolcraft,* 65 N. Y. 134, 143; *Christie* v. *Gage,* 71 id. 189, 190; *Manning* v. *Moscow Pres. So.,* 27 Barb. 53; *Mad. Av. Bap. Ch.* v. *O. St. Bap. Ch.,* 73 N. Y. 82.) The act of 1854 (ch. 50, § 2) applied to benevolent, charitable, scientific or missionary societies, but as it is almost identical in terms, and as it must be presumed to have originated in the same general policy, and was intended to prevent the same abuses, it should receive the same construction as the act of 1813, which applied to religious corporations. It cannot, we think, be doubted that the legislature intended to and did enact that compliance with that statute should be absolutely necessary to the validity of any mortgage of real estate which corporations of the class described therein should execute and deliver. It was assumed that without the statute, such corporations could not mortgage their lands at all, and the legislative intent was to permit them to do so only when the assent of the court was first obtained. Therefore, the mortgage in question lacked an element indispensable to its validity, and the courts below properly denied to the plaintiff a judgment of foreclosure.

The ruling of the court refusing to allow the plaintiff to prove the loan and recover a judgment at law upon the debt remains to be considered. An action to foreclose a mortgage is a proceeding in a court of equity which is regulated by statute. (Code Civ. Pro. ch. 14, title 1, art. 4, § 1626.) The holder of a bond and mortgage has two remedies. He may proceed at law to recover a judgment for the debt, represented by the bond, and enforce the judgment in the usual way, or he may proceed in equity by action to foreclose the mortgage and appropriate the land embraced in it to the payment of the debt. While an action is pending for the foreclosure of the mortgage, or after the final judgment therein, an action at law upon the bond is prohibited, without leave of the court

(§ 1628). In an action to foreclose, the complaint must state whether any other action has been brought to recover any part of the mortgage debt, and if so, whether any part thereof has been collected (§ 1629). And where the plaintiff has recovered judgment upon the debt he cannot maintain an action on the mortgage unless an execution has been issued upon the judgment and returned unsatisfied in whole or in part (§ 1630). Therefore, a party is not entitled, as of right, to both remedies at the same time. In an action in the nature of a proceeding *in rem* to foreclose a statutory lien, and where a personal judgment against some of the parties follows as incidental to the general relief, such judgment cannot be rendered where the plaintiffs fail to establish the lien. (*Burroughs* v. *Fosteran,* 75 N. Y. 567.)

In an action to foreclose a mortgage a judgment for deficiency is authorized, and may be rendered as incidental to the principal relief demanded, but it cannot be rendered in an action where the plaintiff fails to establish the mortgage. The peculiar statutory provisions applicable to actions of foreclosure above referred to indicate that it was never intended to permit the joinder in the same complaint of two separate causes of action, one at law to recover a personal judgment on the bond for the debt, and the other in equity to procure a sale of the land covered by the mortgage, given to secure the same debt and the application of the proceeds thereon, and if not, then the complaint in this case does not contain but a single cause of action, and that in equity, for the foreclosure of the mortgage lien. It is true that the giving of the bond is stated, but that is incidental to the main facts alleged and only necessary, if at all, for the purpose of showing the consideration of the mortgage and the amount of the deficiency, if any. When the plaintiff failed to establish the mortgage he failed to establish his cause of action in its whole scope and meaning, and he could not stand upon the incidental allegations in regard to the bond. It is not necessary to inquire how far or under what circumstances it was within the power of the court to permit him to change the form of the action to one

for the enforcement of some purely legal remedy.    He applied to the court for that purpose at the trial; and the permission was refused, in the exercise of that discretion which the court undoubtedly possessed.    The question that we are now concerned with is whether it was legal error in the court below to hold, after the plaintiff had failed to establish his equitable cause of action, that he was not entitled, upon the same complaint, to a personal judgment against the defendant.    We think not.    The case, as an action in equity, was terminated by the finding of the court that the plaintiff had no valid mortgage to foreclose, and, without the permission of the court in some form, the plaintiff was not entitled in the same action to a different remedy.    (*Berk* v. *Allison*, 56 N. Y. 366.)

The established rule, that when equity has obtained jurisdiction of the parties and the subject-matter of the action, it may adapt the relief to the exigencies of the case, even to the extent of rendering a personal judgment, in order to prevent a failure of justice, does not apply here.    That rule applies when the general basis of fact, upon which equitable relief was sought, has been made out but, for some reason, it becomes impracticable to grant such relief, or where it would be insufficient, and not to a case like this, where it appears that there never was in fact any ground for equitable relief whatever, but the sole remedy was an action at law.    When facts are made out which bring the case within the general jurisdiction of equity, the court will not allow the case to fail because the specific relief prayed for is no longer practicable, but in such a case, as a substitute for the relief demanded, will award an equivalent in damages, thus ending the controversy, instead of sending the parties to a court of law for that purpose.    (*Valentine* v. *Richards*, 126 N. Y. 277 ; *Lynde* .. *El. R. R. Co.*, 129 id. 274 ; *Van Rensselaer* v. *Van Rensselaer*, 113 id. 213.)

In this case the plaintiff has failed because he never had any ground upon which to invoke equitable jurisdiction, and, in such a case, the court will not attempt to try another and

purely legal cause of action. The question is not one of the right to a jury trial. That mode of trial is waived by the plaintiff when he elects to bring an action for relief, both legal and equitable in its nature, in respect to the same cause of action, and by a defendant when he omits to insist upon it in the answer by taking the proper objection, which is usually done by a distinct allegation that an adequate remedy exists at law, or by demanding it, or raising the question at the proper time in cases where he is entitled to that mode of trial according to the practice in equity cases. (*Cogswell* v. *N. Y., N. H. & H. R. R. Co.*, 105 N. Y. 319; *Town of Mentz* v. *Cook*, 108 id. 504; *Ostrander* v. *Webber*, 114 id. 95; *Truscott* v. *King*, 6 id. 147.) It is the case of an action in equity where none but equitable relief was demanded or claimed, commenced and tried before the court as such, and a finding made that the plaintiff was not entitled to the relief sought, with facts appearing upon the trial that might entitle the plaintiff to a money judgment in an action at law, which he did not claim in his complaint, and the right to which he in no way suggested to the court until the whole theory of his action, as presented by the pleadings, failed. Whatever power the court may have to permit a party, by amendment or otherwise, to thus change the whole scope and nature of his action, it cannot be demanded as a right, and a refusal by the court, under such circumstances, to go on and try other questions upon the same pleadings, and administer other remedies, purely legal in their nature, which are properly the subject of another and different form of action, is not error. (*Bradley* v. *Aldrich*, 40 N. Y. 504; *Wheelock* v. *Lee*, 74 id. 500; *Hawes* v. *Dobbs*, 137 N. Y. 465.)

There are no other questions in the case, and no exceptions presenting any points that could possibly aid the plaintiff or change the result.

The judgment should be affirmed, with costs.

All concur, except ANDREWS, Ch. J., not voting.

Judgment affirmed.