## WALLACH v. MANHATTAN RY. CO. et al.

(Common Pleas of New York City and County, Special Term. February, 1894.)

PARTIES—JOINDER OF PLAINTIFFS.

Where realty is conveyed pending an action to restrain the operation of a railway in the street on which it abuts, the interests of the grantor and of the grantees are several, and the grantees cannot be brought in as parties plaintiff.

Action by Samson Wallach against the Manhattan Railroad Company and another. Plaintiff moves for leave to bring in additional parties plaintiff. Denied.

Philip Carpenter, for the motion.

Davies & Rapallo (Edward C. James, of counsel), opposed.

PRYOR, J. In 1889 the plaintiff, Wallach, instituted an action in equity to restrain the maintenance and operation of defendants' railway upon the street in front of property of which he was then owner, and for damages as incidental relief. In 1891 and 1892 he conveyed the property to the persons whom he now asks to have joined with himself as parties plaintiff. He moves upon the ground that, because of a reservation by him of "all damages and claims for damages" from injury to the property, there is such a community or devolution of interest between himself and his grantees that they should properly be united in the prosecution of the suit. Having parted with the property affected by the nuisance or the trespass, Wallach cannot maintain the action for injunctive relief. Pappenheim v. Railway Co., 128 N. Y. 436, 28 N. E. 518; Kernochan v.

Railroad Co., 128 N. Y. 559, 29 N. E. 65; Foote v. Railroad Co., 58 Hun, 478, 12 N. Y. Supp. 516; Filson v. Crawford (Sup.) 5 N. Y. Supp. 882. The conception is impossible to a lawyer that a man may uphold an action for injury to property in which he has no interest. Attorney General v. Telegraph Co., 30 Beav. 287 (290). In McGean v. Railroad Co., 133 N. Y. 9, 30 N. E. 647, the decision proceeded expressly upon the ground that the plaintiff had "retained the title to the fee of the street." Failing the claim for equitable relief, the action cannot be supported for incidental relief in damages. McGean v. Railroad Co., 133 N. Y. 9, 13, 30 N. E. 647; Lynch v. Railroad Co., 129 N. Y. 274, 29 N. E. 315; Dudley v. Congregation, 138 N. Y. 451, 460, 34 N. E. 281. Conceding that the present owners may sustain an action for damages or injunctive relief, it is an action upon their several interests, with which Wallach has no concern. But only persons having an interest in the subject of the action may be joined as plaintiffs, Code, § 446; and it is only one who has an interest in the subject of the action who may be brought in as a party. Code, § 452. Undoubtedly, in case of a transfer of interest, the action may be continued against the transferee (Code, § 756); this, however, is not a motion to substitute such transferee, but to join him with the original party, which manifestly can be done only when "the case requires" it, i. e. when a community of interest subsists between the transferee and such party. Here the interests of Wallach and the persons proposed to be brought in are obviously separate and several; Wallach suing to recover in respect of injury to his several interest, and the other persons in respect of injury to their several interest. Shepard v. Railroad Co., 117 N. Y. 442, 23 N. E. 30, though not on plaintiff's brief, I may remark is not an authority contra, for there Frances S. Shepard, as widow and administratrix of the deceased tenant in common, had a community of interest with the other plaintiff in the subject of the action. The case is plainly and essentially distinguishable from the present. Here has been no transfer of interest in the action. Wallach sues for the injury he sustained while the property was his, and the other persons may sue for the injury to the property since they became owners; and these several rights are not coincident. A trespass upon land while the property of A. has no connection with another trespass upon the land when the property of B. A. may assign his right of action to B., and then B. would be a transferee to be substituted under section 756 of the Code. But here Wallach retains his right to damages for the trespass upon him, and the other persons can sue only for injury to the property accruing after their ownership. Pappenheim v. Railway Co., 128 N. Y. 436, 28 N. E. 518. Snodgrass v. Railroad Co. (unreported) appears to be in point for the motion; but it was a special term decision, and, in my opinion, is supported neither by principle nor authority. Motion denied, with costs.