ROBBINS M. WITHERBEE and Another, Respondents, *v.* AUBREY E. MEYER, Appellant.

*Equity action — defense of an adequate remedy at law — the specific performance of a contract and damages for its breach — covenant running with land — privity of estate.*

A defendant cannot, when sued in equity, avail himself of the defense that an adequate remedy exists at law, unless he pleads that defense in his answer.

Where a court of equity has once obtained jurisdiction of a case, it will ordinarily retain it until the whole controversy is disposed of, and will adapt its relief to the exigencies of the case.

The plaintiff has a right to ask for the specific performance of a contract and for damages for the breach thereof in the same action.

Where an agreement to furnish water power is in terms one between the parties, their executors, administrators and assigns, and where it affects certain real estate and the value thereof, if the conveyance of the water rights and real estate to a person recites that the conveyance is taken subject to such agreement, the agreement constitutes a covenant running with the land, and there exists a privity of estate between such grantee and the assignees of the rights granted by such agreement.

APPEAL by the defendant, Aubrey E. Meyer, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office

of the clerk of the county of Washington on the 4th day of October, 1894, upon the report of a referee, with notice of an intention to bring up for review upon such appeal said judgment and the exceptions taken upon the trial and to the referee's report.

*J. Sanford Potter*, for the appellant.

*Joseph Potter*, for the respondents.

HERRICK, J. :

This is an appeal from a judgment entered upon the report of a referee, awarding a judgment in favor of the plaintiffs for the specific performance of a contract to furnish water power and for damages in the sum of $3,119.50 for withholding the same.

The appellant claims that the case is not one for a specific performance; that the plaintiffs have an adequate remedy at law. It is possible that the appellant's contention is true, but it comes too late; he neither raised that question by his answer, nor can I discover by an examination of the record that it was raised during the progress of the trial.

"It appears to be settled by a very general concurrence of authority that a defendant cannot, when sued in equity, avail himself of the defense that an adequate remedy at law exists, unless he pleads that defense in his answer." (*Town of Mentz* v. *Cook*, 108 N. Y. 504–508; *Hollister* v. *Stewart*, 111 id. 644–659; *Hawes* v. *Dobbs*, 137 id. 465–470; *Dudley* v. *The Congregation, etc., of St. Francis*, 138 id. 451–460.)

The plaintiff had a right to ask for a specific performance and for damages in the same action. (*Miles* v. *D. F. I. Co.*, 125 N. Y. 294–298.)

Where a court of equity has once obtained jurisdiction of a case it will ordinarily retain it until the whole controversy is disposed of, and will adapt its relief to the exigencies of the case. (*Ostrander* v. *Weber*, 114 N. Y. 102; *Valentine* v. *Richardt*, 126 id. 272.)

The agreement to furnish water power was in terms one between the parties, their executors, administrators and assigns; it was one that affected the lands now in possession of the defendant, and affected the value thereof; and when the defendant took the conveyance of the water rights and premises which he now owns and

holds, the conveyance thereof recited that he took the same subject to the agreement in question.

It seems to me, therefore, that the agreement constituted a covenant running with the land, and that there was a privity of estate between the defendant and the plaintiffs, who are the assigns of the rights granted by said agreement.

There was sufficient evidence to sustain the findings of fact of the referee, and they should not be disturbed.

The judgment should be affirmed, with costs.

MAYHAM, P. J., and PUTNAM, J., concurred.

Judgment affirmed, with costs.