(58 Misc. Rep. 69.)

### CITY REAL ESTATE CO. v. KING et al.

(Supreme Court, Special Term, New York County.  February, 1908.)

ACTIONS—IMPROPER JOINDER OF CAUSES.

A cause of action on a bond and cause of action to foreclose the accompanying mortgage, where the execution on the personal judgment is returned unsatisfied, are improperly joined.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 1, Action, §§ 378–510.]

Action by the City Real Estate Company against William F. King and Martha K. King.  Demurrer to complaint sustained.

See 122 App. Div. 556, 107 N. Y. Supp. 535.

Strong & Cadwalader, for plaintiff.
Harris, Corwin, Gunnison & Hughes, for defendants.

O'GORMAN, J. In my opinion the complaint contains two causes of action. One to recover on the bond, and the other, if the execution on the personal judgment be returned unsatisfied, to foreclose the mortgage. This is the relief sought, and the prayer for judgment may be properly considered in determining the nature of the action set forth in the complaint. Swart v. Boughton, 35 Hun, 284. The rule that, when equity has obtained jurisdiction, it may adapt the relief to the exigencies of the case, does not apply to an action of foreclosure which is purely statutory. Dudley v. Congregation, 138 N. Y. 458, 34 N. E. 281. The two causes of action, one in law and one in equity, are improperly joined, and the demurrer must be sustained, with costs, with the usual leave.

Demurrer sustained with costs, with usual leave.