Frank D'Aversa, Respondent, v. Alfonso Guido, Appellant.

Second Department, June 26, 1925.

Equity — action to restrain defendant from interfering with private sewer of plaintiff which connected with defendant's sewer — defendant orally agreed to permit connection — plaintiff has no cause of action — damages cannot be allowed.

The plaintiff has no cause of action to restrain the defendant from interfering with the use and enjoyment of a private sewer on defendant's premises, with which the plaintiff connected his sewer under an oral agreement between the parties, whereby the plaintiff agreed to pay a certain sum of money for the privilege of using defendant's sewer, for the alleged agreement is merely a license revocable at will and created no rights in defendant's property which a court of equity will protect by injunction.

Since the plaintiff never had any ground on which to invoke equitable jurisdiction, the trial court had no authority to award the plaintiff damages on the theory that he had expended money in reliance upon defendant's assurance that he would permit the laying of plaintiff's sewer under defendant's land and obtain the necessary consents of the other owners of the sewer to the connection of the plaintiff's sewer with the defendant's sewer; money damages will not be awarded in an equity action where it appears that there never was any ground for equitable relief.

Kelly, P. J., and Young, J., dissent.

Appeal by the defendant, Alfonso Guido, from so much of a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Queens on the 27th day of May, 1924, upon the decision of the court rendered after a trial at the Queens Special Term as awards damages to the plaintiff in this action brought to enjoin and restrain the defendant from interfering with the use and enjoyment of a sewer constructed by plaintiff under the defendant's land.

*Philip Wolinsky,* for the appellant.

*William Klein,* for the respondent.

RICH, J.:

This is an action wherein the relief sought is purely equitable, and has resulted in a judgment based upon a cause of action at law. The only question presented for determination relates to the propriety of the award of damages in an action of this character, where no ground for equitable relief existed.

It appears that plaintiff and defendant own adjoining properties at College Point, in the borough of Queens. There was no sewer for plaintiff's premises and it appears that he was invited by defendant to connect with a private sewer of which the defendant and two others were the owners. Defendant told him, plaintiff says, that he would grant him the privilege of running the connection through his land for the sum of $200, plus $75 to be divided equally between the three owners, as compensation for tapping the sewer. The sewer was constructed by plaintiff through defendant's land, and the $75 duly paid to the owners, but when it came to paying defendant the $200, plaintiff refused unless the defendant would put the oral permission into writing. Defendant refused, and upon his threat to tear up the connection, the present action followed to restrain him from interfering with the use and enjoyment of the sewer by plaintiff.

The court at Special Term dismissed the complaint at the close of plaintiff's case, but ruled that plaintiff was entitled to reimbursement for the sums expended by him, upon the theory that inasmuch as plaintiff had relied upon defendant's assurance that he would permit the laying of the sewer under his land and obtain the necessary consents of the other owners to the tapping, defendant was liable for the loss occasioned to plaintiff. The court then proceeded to take testimony on the question of damages, over the defendant's exception, and a judgment was rendered, dismissing the complaint, but awarding plaintiff $350 damages and $92.70 costs and disbursements, and it is from this portion of the judgment that defendant appeals.

The established rule, apparently invoked by the learned Special Term, that when equity has obtained jurisdiction of the parties and the subject-matter of the action, it may adapt the relief to the exigencies of the case, even to the extent of rendering a personal judgment in order to prevent a failure of justice, has no application where it appears, as it does in the case at bar, that there never was any ground for equitable relief. (*Dudley* v. *Congregation, etc., of St. Francis*, 138 N. Y. 451.) The agreement in question — a mere license revocable at will — created no right in the defendant's property which a court of equity would protect by injunction, and the plaintiff never having had any ground upon which to

invoke equitable jurisdiction, the court had no authority· to try another and purely legal cause of action. Furthermore it does not appear that the license was for a definite period, and it is a debatable question, under the circumstances, whether its revocation would give rise to a cause of action for breach of contract. (*United Merchants Realty & Imp. Co.* v. *American Bill Posting Co.*, 71 Misc. 457.)

It follows that so much of the judgment as awards damages and costs to the plaintiff should be reversed on the law and the facts, with costs.

JAYCOX and MANNING, JJ., concur; KELLY, P. J., and YOUNG, J., dissent.

So much of the judgment as awards damages and costs to the plaintiff reversed on the law and the facts, with costs.