WITCOMBE, MCGEACHIN & Co., INC., Appellant, *v.* SCHULTE REAL ESTATE COMPANY, INC., Respondent.

First Department, April 7, 1933.

*Alfred C. B. McNevin* of counsel [*Carl Rood* and *Ruth Schrenzel* with him on the brief; *Carl Rood* and *Alfred C. B. McNevin*, attorneys], for the appellant.

*Henry I. Fillman* of counsel [*Jerome Eisner*, attorney], for the respondent.

MARTIN, J.   The plaintiff seeks to have adjudged as null and void a lease dated April 28, 1927, entered into between it as tenant and 701 Madison Avenue Corporation as landlord, and also an agreement amending the lease, effective as of March 31, 1932, reducing the rent payable by plaintiff, which agreement was entered into by the plaintiff as tenant, and the defendant as landlord, the defendant having acquired by mesne assignments all the right, title and interest of the former landlord 701 Madison Avenue Corporation in and to the lease.   By the second and third causes of action the plaintiff seeks to recover $41,199.16, alleged over-

payments of rent made during a period between December 21, 1929, and August 1, 1932. It must be borne in mind that we are here considering a pleading only.

The complaint alleges that in or about November, 1929, by reason of the issuance of a warrant in summary proceedings instituted in the Municipal Court by the 6065 Corporation (then plaintiff's landlord) in which proceedings plaintiff was not joined as undertenant, its lease terminated; that it was induced to remain in possession and pay the rent reserved through alleged false representations of defendant's predecessor in title and the defendant to the effect that they had respectively acquired all the right, title and interest of plaintiff's lessor in and to said lease, and that on or about April 25, 1932, two years and five months later, still induced by the said alleged false representations, the plaintiff entered into the amended agreement with the defendant.

Immediately upon the discovery of the falsity of the alleged representation that the defendant had acquired by assignment the interest of plaintiff's landlord in the lease, plaintiff notified the defendant " of its election to vacate and deliver possession of the premises * * * to defendant."

In paragraph 26-a of the complaint it is alleged that prior to the commencement of the action and after the notification of its election to vacate the premises, the plaintiff " commenced to remove its property therefrom, which vacation now is or presently will be completed."

It is clear, from this last allegation, that the pleading alleges that the plaintiff immediately disaffirmed the lease and the amendatory agreement on the discovery of the falsity of the representations.

The court at Special Term held that the plaintiff's disaffirmance was a positive act of rescission resulting in a waiver of any equitable remedy for a formal decree of rescission. We believe that no such waiver may be asserted where a complete and adequate remedy requires the cancellation of certain agreements.

In *McHenry* v. *Hazard* (45 N. Y. 580, 583) the court said: " The power of a court of equity to compel the surrender and cancellation of deeds and other written instruments, obtained by fraud or held for inequitable and unconscientious purposes, is undoubted. The jurisdiction is an ancient one, and is grounded upon the inherent power of the court to take cognizance of frauds, and to administer the peculiar remedies which belong to a court of equity in preventing and suppressing them. * * *

" Nor is it material upon the question of jurisdiction that the party seeking the relief has a defense at law to the instrument of which he prays the surrender and cancellation."

There cannot be any serious question as to the jurisdiction of

courts of equity over actions to cancel and set aside instruments on the ground of fraud in their procurement. (*Becker* v. *Church*, 115 N. Y. 562; *St. Stephen's Church* v. *Church of Transfiguration*, 201 id. 1, 11.)

The plaintiff contends that it has no remedy whatever in this case unless it has an equitable remedy. It is asserted that through fraud it entered into an agreement modifying a lease which was not in existence but which it was induced to believe was outstanding and enforcible, and that to properly protect its interests there must be a cancellation of the agreement.

In *Bloomquist* v. *Farson* (222 N. Y. 375) the court, sustaining an action in equity to rescind on the ground of fraud, said: " The complaints having alleged causes of action in equity and the proof offered having established facts which justified equitable relief, an adequate remedy at law could not be urged as a defense unless pleaded. Such objection cannot be raised for the first time on motions to dismiss. (*Hawes* v. *Dobbs*, 137 N. Y. 465, 470; *Watts* v. *Adler*, 130 N. Y. 646; *Baron* v. *Korn*, 127 N. Y. 224.) "

In *Town of Mentz* v. *Cook* (108 N. Y. 504) the court said: " It appears to be settled by a very general concurrence of authority, that a defendant cannot, when sued in equity, avail himself of the defense that an adequate remedy at law exists unless he pleads that defense in his answer. * * * The rule proceeds upon the basis that parties may by their mutual assent litigate their differences in a court of equity, where the assent of the defendant, if withheld, might induce the court to refrain from the exercise of its jurisdiction. That jurisdiction existing over the general subject, the question of its exercise in the given case cannot be raised, unless the answer raises it."

The plaintiff points out that because of the fact that it was induced to believe that a lease was outstanding and was a binding obligation, it entered into a written modification of its lease obligating itself to pay rent which it would not have done if the true facts were known to it.

The defendant contends that the effort of the plaintiff to secure the aid of a court of equity is to avoid an action at law; that no equitable relief is necessary; that the plaintiff may obtain damages in an action at law, all that it is entitled to under the lease.

The complaint alleges the necessity for a cancellation of the agreements so that no rights may hereafter be asserted by anybody claiming thereunder and so that no further obligations may be incurred by the plaintiff through the use of such agreements.

Where a complete remedy includes the cancellation of certain agreements even though the plaintiff has repudiated and rescinded

the agreements, an action in equity may be proper. In *Schank* v. *Schuchman* (212 N. Y. 352, 356) the Court of Appeals said: " Equity will not entertain an action to declare the rescission of an executed transaction unless a decree announcing the rescission is essential to the suitor's protection. This necessity may arise from the fact that the transaction, if left apparently outstanding, would affect the title to real estate. It may arise where the defrauded party has been induced to become a stockholder in a corporation, so that there is need, not merely to recover what was paid for the shares, but also to sever relations with other stockholders and creditors. (*Bosley* v. *Nat. Machine Co.*, 123 N. Y. 550, 555.) It may arise, under a great variety of other conditions, where the transaction in one or more of its elements is still executory."

Equitable relief is necessary in order to secure a decree canceling the agreements so that any attempt to use same may be prevented and all obligations that might thereby arise or be asserted against the plaintiff may be avoided.

The order should, therefore, be reversed, with twenty dollars costs and disbursements, and the motion to dismiss the complaint denied, with ten dollars costs, with leave to the defendant to answer within twenty days from service of order upon payment of said costs.

FINCH, P. J., McAVOY and TOWNLEY, JJ., concur; O'MALLEY, J., dissents and votes for affirmance.

Order reversed, with twenty dollars costs and disbursements, and the motion denied, with ten dollars costs, with leave to the defendant to answer within twenty days from service of order upon payment of said costs.