## JOSEPHINE E. CLASON, PLAINTIFF, *v.* ELIZABETH S. BALDWIN, DEFENDANT.

*Declarations against interest — allegation as to mesne profits — necessary to their recovery in a complaint in ejectment.*

Statements made by a debtor at the time that he pays the debt are not admissible in evidence as being declarations against his interest, for the reason that he pays the debt when making the statements and hence has no interest upon which the declarations can operate.

Where a complaint in an action of ejectment contains no allegations in respect to mesne profits, no mesne profits are recoverable.

*Larned* v. *Hudson* (57 N. Y., 151) followed.

Sections 1496 and 1497 of the Code of Civil Procedure have not effected any change in this particular.

EXCEPTIONS ordered to be heard in the first instance at General Term, after a trial before the court and a jury at the New York Circuit, at which a verdict in favor of the plaintiff was rendered by direction of the court on April 9, 1889.

*Isaac N. Miller*, for the motion.

*George W. Stevens*, opposed.

VAN BRUNT, P. J. :

This was an action of ejectment brought to recover the possession of real estate in the city of New York. The answer was substantially a general denial. The plaintiff claimed as the child of William J. Clason, in whom a title was asserted to have been proved. The evidence, however, by a strange omission, fails to show who the plaintiff's father was. It may, perhaps, be inferred that the plaintiff intended to swear that William J. Clason was her father, but she did not do so, and the plaintiff's case was fatally defective in this respect.

The exception to the evidence of the declarations of Mr. Carter was clearly well taken. What Mr. Carter told the plaintiff about his having collected the rents of these premises was not competent evidence of the fact that he had ever collected the rent of the premises in question.

The theory that such declarations are admissible, because made against the interest of Mr. Carter, cannot prevail. Mr. Carter had no interest in this controversy or property, and hence had no interest against which he could make a declaration. In fact, the proof shows that Mr. Carter did not make any declaration against his interest. What a debtor says when he is discharging a debt cannot be a declaration against his interest, because he pays the debt at the time of making the declaration, and hence has no interest upon which the declaration can operate. Mr. Carter, the evidence shows, says that he collected these rents and paid them over, and that is all. This is no declaration against his interest, as has been shown.

The plaintiff was allowed to recover mesne profits without the complaint containing any allegations respecting the same. In the case of *Larned* v. *Hudson* (57 N. Y., 151) this question was expressly decided, and we are unaware of any change in the rule of pleading. The case of *Wallace* v. *Berdell* (101 N. Y., 13) in no way asserts any conflicting rule. Neither have sections 1496 and 1497 of the Code of Civil Procedure effected any change.

It is true that the framer of the Code, in his note to section 1496, says that this section was inserted to avoid the rule laid down in *Larned* v. *Hudson* (*supra*); that a separate action must be brought for mesne profits, but if the compiler of the Code had read this case he would have learned that the court therein expressly decided

that a separate action was not necessary to recover mesne profits, but that they might be recovered under appropriate allegations in the action of ejectment.

The reasons why such allegations should be required as a preliminary to a recovery of mesne profits are shown in the case cited, and it is not necessary to repeat them here, and perhaps the only change which section 1496 of the Code has made is to compel the assertion of these causes of action in the action of ejectment which did not exist before. There does not seem to have been any intention, and certainly none such is expressed, to change the rule of pleading upon this subject. The complaint in this action containing no allegations as to mesne profits, none can be recovered under it.

The exceptions must be sustained and a new trial granted.

BARRETT, J., concurred.

BARTLETT, J. :

I concur on the first ground mentioned in the opinion of the presiding justice.

Exceptions sustained and a new trial granted.