*261
 
 Follett, Ch. J.
 

 The learned counsel for the appellant strenuously argued that this action in equity is not, but that a
 
 mandamus
 
 is the appropriate remedy to compel a railroad corporation to construct a crossing pursuant to the statute. This objection not having been taken by the answer, or on the trial, is not available in this court
 
 Town of Mentz
 
 v.
 
 Cook,
 
 108 N. Y., 504; 13 St. Rep., 845.
 

 For defenses on the merits the defendant insists : (1) That the plaintiff is not an adjoining proprietor; (2) that it being a foreign corporation and lessee of the railroad, it is under no obligation to build a farm crossing; (3) that the crossing ordered by the judgment is not a farm crossing within the statute.
 

 The statute provides: “Every corporation formed under this act shall erect and maintain fences on the sides of their road, of the height and strength of a division fence required by law, with openings or gates or bars therein, and farm crossings of the road for the use of the proprietors of lands adjoining such railroad.” Sec. 44, chap. 140, Laws 1850. It is also provided : “ And when the railroad of any railroad corporation shall be leased to any other railroad company, or to any person or persons, such lessees shall maintain fences on the sides of the road so leased, of the height and strength of a division fence, as required by law, with openings, or gates or bars therein, at the farm crossings of such railroad, for the use of the proprietors of the lands adjoining such railroads.” Sec. 2, chap. 582, Laws 1864.
 

 The land of this plaintiff adjoins on the east the land whereon the road is built, and without a crossing it is impossible to reach the plaintiff’s land from the street for any purpose. The defendant’s contention seems to be that an owner has no right to a crossing unless the road so divides the tract that the remaining land adjoins on both sides of the strip taken for the railroad. This was not the intention of the statute. Take the case of a farm abutting on a public highway, as this one did, and the corporation, instead of acquiring its right of way some little distance from the street, takes one alongside of the highway, so that one of the exterior lines of the land taken coincides with one of the boundary lines of the farm. In such a case the land is not divided, but the land not taken is as effectually cut off as though land remained on both sides of the road. Again, which is this case, two parallel and contiguous railroads are built at different times through a farm. The owner has a right to a crossing over the first road which is constructed, but when the second railroad is built it is argued that the owner has no right to compel that corporation to construct a crossing. The statute is not capable of any such narrow construction, its design being to compel such corporations to construct and maintain such crossings over their lines as are necessary to enable owners having land abutting on either, or both sides of the road, to reach and work their properties.
 

 By chapter 244 of the Laws of 1855 this defendant is authorized, in the prosecution of its business, to make contracts with any corporation in this state, and to sue and be sued in its courts.
 
 *262
 
 Under that statute the defendant leased from the New York, Lackawanna & Western Railway Company, for 499 years, its entire property then owned, or thereafter to be acquired, with all the franchises, immunities, rights, powers and privileges, which had been then granted, or which should be thereafter granted to the lessor. The lease, among other provisions, contains the following : “ And the said party of the second part (defendant) shall, during the continuation of this indenture, use and operate the said railroad and do and perform all acts and things which the party of the first part, as owner of the property and franchises, hereby demised, would be bound by law to do and perform had this indenture not been made.”
 

 It is true that the section above quoted from the act of 1864, which imposes certain duties upon lessees of railroads, does not, in express terms, require them to build and maintain farm crossings. But they are, however, expressly required to build and maintain division fences, with openings having gates or bars therein at farm crossings. In
 
 Jones
 
 v.
 
 Seligman,
 
 81 N. Y., 190, a railroad corporation mortgaged its property to trustees to secure the payment of an issue of bonds, and thereafter defaulted in the payment of the interest. Under a power in the mortgage the trustees entered into possession, completed and operated the road for the benefit of the bondholders. An action was brought to compel the trustees to build fences and farm crossings, which was defended on the ground that no corporations or persons could be compelled to perform either of these statutory duties except those mentioned in the statutes. It was held that the trustees being in possession, with power to make reparations and additions, that they had the right, and it was their duty to construct fences and necessary farm crossings; that being in possession of the property and engaged in operating it, that they must carry out the provisions of the statutes as the representatives of the corporation. In this case, the defendant, by a covenant in the lease above quoted, expressly agrees to perform all things in connection with the road which the lessor might be required by law to perform. This provision plainly includes the duties imposed by statute on the lessor and brings the case within the principle of
 
 Jones
 
 v.
 
 Seligman.
 
 The position that the defendant is not liable because it is not a corporation of this state, or organized under chap. 140, Laws 1850, is not tenable. It having the right to operate its leased lines under the statutes of this state, it must be held to have assumed to discharge the same duties to the public and adjoining owners as are imposed upon such corporations organized and existing under our own statutes.
 

 Before the defendant’s road was built quarries had
 
 been
 
 opened on the farm from which stone used in building and for cement were taken and sold, and when the road was constructed the land was used for agricultural purposes and portions of it for quarries. The defendant insists that it was error to receive evidence of the extent of the use or of the value of the property for quarries, or to order a crossing constructed for any uses except agricultural ones. The statute does not limit the right of adjoining owners to
 
 *263
 
 crossings solely for agricultural purposes, but they may be ordered to enable owners to remove the natural products of the land, like stone and minerals.
 

 The evidence is sufficient to sustain the finding that a suitable crossing for the use of this property had not been built, and the questions where one should be constructed, its dimensions and whether over or under the tracks, were questions of fact for the trial court, and there being evidence to sustain the finding that the crossing should be located at Hewitt street and built in the manner described in the judgment, the discretion of the trial court, which seems from the evidence to have been fairly exercised, cannot be overruled by the court of appeals.
 

 The judgment should be affirmed, with costs.
 

 All concur, except Haight, J., absent.