THOMAS O'BRIEN, Respondent, v. DAVID K. McCARTHY and Another, as Executors, etc., of JAMES A. O'HARA, Deceased, Impleaded with WILLIAM O. FISKE and Others, Appellants.

*Foreclosure of a mechanic's lien — application of payments — omission to allege in the answer that an adequate remedy existed at law — waiver of a right of trial by jury.*

In an action brought for the foreclosure of a mechanic's lien, it appeared that the defendant Fiske contracted with the plaintiff to erect a certain building on the former's lot of land, and that one O'Hara also entered into a contract with the plaintiff to erect a building on a lot belonging to O'Hara, adjoining that of Fiske. The buildings formed together a single block, and were built pursuant to a single plan, the respective portions being substantially alike, except for a slight difference in the shape and size of the lots. The specifications for the whole were made by one architect employed by O'Hara, as a single plan in pursuance of a common design to erect a uniform and similar building. The block was connected by partition walls, and was erected at the same time, and by the same parties as builders and contractors, the work upon each part going on simultaneously. The architect from time to time made estimates upon the work in bulk without reference to the work performed on either part, which estimates were reported to O'Hara, and he made payments thereon to the plaintiff to the amount of $3,000, the last payment being on December 21, 1889. On December 26, 1889, O'Hara died. On October 24, 1890, the plaintiff filed a notice of mechanic's lien on Fiske's part of the real estate for the alleged balance due on his contract, in which notice it was stated that Fiske claimed he should be credited with $1,500 of the amount paid by O'Hara. The complaint in such action stated that the executors of O'Hara were made parties in order to determine whether the payments should be applied as claimed by Fiske.

Evidence was given at the trial tending to show that the amount of the payments made was all that the plaintiff was entitled to at that time on the whole work. Statements were shown to have been made by O'Hara that he intended to foot the bills himself; that he was paying the bills on the block until such time as Fiske could make a loan. Fiske apparently made no payments before O'Hara's death. Fiske was O'Hara's nephew, and there was evidence that O'Hara said that he was going to assist his nephew in building the block. The plaintiff testified that he applied one-half of the amount received by him on each contract.

The referee, before whom the action was tried, found that $1,500 of the amount paid by O'Hara was paid by him on Fiske's contract, and was so received and credited by the plaintiff, and that such money was furnished to and paid for Fiske by O'Hara.

*Held,* that the evidence authorized such conclusion;

That under the circumstances the plaintiff had a right to apply one-half of the amount so received on each contract.

Where, in such an action, the answer does not allege that the plaintiffs had an adequate remedy at law, and prays that the question as to the applicability of the payments be adjudicated, and no question as to the right of trial by jury is raised until a witness is sworn and examined on the trial, the defendants are not in a position to raise the question as to their right to a trial by jury, and by their delay have waived such right if it ever existed.

APPEAL by the defendants, David K. McCarthy and Dennis McCarthy, as executors of the last will and testament of James A. O'Hara, deceased, from that part of a judgment of the Supreme Court in favor of the plaintiff, entered, after a trial at the Onondaga Special Term, in the office of the clerk of the county of Onondaga on the 28th day of April, 1892, confirming the referee's report and findings, and adjudging that of the sum of $3,000, paid by James O'Hara in his lifetime, $1,500 thereof was properly applied by the plaintiff upon the contract of the defendant William O. Fiske, and the remaining $1,500 only was properly applied by plaintiff upon the contract of James O'Hara, deceased, and from every part of the decree which grants any relief against the defendants David K. McCarthy and Dennis McCarthy, as such executors.

The action was brought for the foreclosure of a mechanic's lien, and was tried before a referee, and his findings and report were confirmed by the court and judgment was entered as above indicated.

*Louis Marshall*, for the appellants.

*C. G. Baldwin*, for the respondent.

MERWIN, J.:

On the 21st of August, 1889, the defendant William O. Fiske, being the owner of a lot on Madison street in the city of Syracuse, made a contract with the plaintiff, by which the plaintiff agreed to perform certain kinds of work and furnish the materials therefor, in the erection of a building or block on said lot. The consideration was $6,200.16, and payments were to be made eighty-five cents on the dollar on estimates of the architect as the work progressed. James A. O'Hara owned a lot adjoining Fiske's on the same street, and he at the same date made a similar contract with plaintiff, the consideration being $5,498.84, and payable in the same way. These buildings, forming together a single block, were constructed pursuant to a common or single plan, the respective portions being sub-

stantially alike, excepting a slight difference in the shape and size of the lots. The specifications for the whole were made by the architect, Mr. Carroll, as a single plan and in pursuance of a common design by the said O'Hara and Fiske to erect a uniform and similar building, and the block was connected by partition walls under the same plans and specifications, and was erected at the same time and by the same parties as builders and contractors. The plaintiff, in pursuance of his contracts, went on and furnished labor and materials, the work upon each part going on simultaneously, and the architect from time to time made estimates upon the work in bulk without reference to the work performed on either part. These estimates were reported to O'Hara, and he made payments thereon to plaintiff to the amount of $3,000, the last payment being December 21, 1889. O'Hara died on the 26th of December, 1889. On the 24th of October, 1890, the plaintiff filed a notice of mechanic's lien on Fiske's part of the real estate for a balance due on Fiske's contract, and in this notice it was stated that Fiske claimed that he should be credited with $1,500 of the amount paid by O'Hara. This action to foreclose such lien was commenced November 21, 1890, and in the complaint the claim of Fiske as to these payments is stated. It is also stated that the executors of O'Hara are made parties in order to determine whether payments should be applied as claimed by Fiske. The referee found that $1,500 of the amount paid by O'Hara was paid by him on Fiske's contract and was so received and credited by plaintiff, and that this money was furnished to and paid for Fiske by O'Hara.

The appellants claim that this action cannot be maintained in equity to determine whether or not this money was or should be applied on Fiske's debt, on the grounds that the appellants would thereby be deprived of the right of trial by jury, and the plaintiff has an adequate remedy at law.

The appellants, in their answer, do not allege that there is an adequate remedy at law, and they are not, therefore, in a position to raise the question. (*Town of Mentz* v. *Cook*, 108 N. Y. 508.) Besides, they claim in their prayer for relief that this very question as to applicability of the payments be adjudicated upon. No question as to their right of trial by jury was raised until after the trial was entered upon and a witness for plaintiff sworn and examined.

By this delay the defendants waived their right to a jury trial if they had any such right. (*Kenney* v. *Apgar*, 93 N. Y. 539.) The action as to the payments in controversy was in the nature of an interpleader, and I see no good reason why it could not properly be disposed of in the present action.

The appellants further claim that the finding of the referee, that O'Hara intended to have his payments to the extent of $1,500 apply on Fiske's contract, and that they were so made by O'Hara and received by plaintiff, is not sustained by the evidence.

The payments, aggregating $3,000, were five in number. There is evidence tending to show that each payment followed and was based upon an estimate of the architect made upon the work under the two contracts as a whole, and that each payment was the amount that the plaintiff was entitled to at that time on the whole work. Statements are shown to have been made by O'Hara that he intended to foot the bills himself; that he was paying the bills on the block until such time as Fiske could make a loan. Fiske appears to have made no payments before O'Hara's death. The work upon the two parts went on together; there was but one architect, and he was employed by O'Hara. There was but one plan, and the separation of the contracts was treated as matter of form. Fiske was the nephew of O'Hara, and there is evidence that O'Hara said he was going to assist his nephew in building the block. It is not likely that O'Hara intended to pay more than was due on his own contract, and yet this apparently is what he did if the appellant's theory is correct. The plaintiff, in receiving an amount equal to what was due on both contracts as a whole, upon an estimate on the whole, had a right to believe that he was only receiving what was due him, and that he had a right to apply, as he testifies he did apply, one-half on each contract. Presumptively upon the evidence the work under each contract was substantially equal.

The evidence, I think, authorizes the conclusion that O'Hara intended to have his payments apply on Fiske's contract equally with his own, and that in effect they were so made by O'Hara and received by plaintiff. It would follow that the conclusion of the referee should not be disturbed.

HARDIN, P. J., and PARKER, J., concurred.

Judgment affirmed, with costs.