GEORGE W. THOMAS, Appellant and Respondent, *v.* THE GRAND VIEW BEACH RAILROAD COMPANY, Respondent and Appellant.

*Court of equity — adequate remedy at law — injunctive relief — action for trespass — when ejectment is the proper remedy — when the defense of an adequate remedy at law must be pleaded.*

The general rule is that a court of equity will not entertain jurisdiction when the objection is properly raised in a case that there is an adequate remedy at law.   There are, however, exceptions to such rule within which are cases where equitable relief is necessary to prevent irreparable injury or the multiplicity of suits.

A case in which a party could maintain an action of trespass against the defendant to recover damages sustained up to the time of the commencement of such action, and where the defendant might persist in continuing the trespass, and the plaintiff might be required for his indemnity to bring actions from time to time,

presents, in the absence of some other adequate and ample remedy at law, a proper case for the exercise of equitable jurisdiction, under which complete relief could be awarded between the parties as justice might require.

Where a railroad corporation has possession of land upon which its road was constructed in the usual manner, the owner of such land may maintain an action of ejectment to recover the possession of his land so appropriated, and in such action the plaintiff will, on recovering judgment for possession, be entitled to recover damages for withholding the property, and the rents and profits or value of the use and occupation, by inserting proper allegations for that purpose in the complaint, and in such case an equity action for injunctive relief is not maintainable.

In an equity action it is unnecessary to plead as a defense that the plaintiff has an adequate and complete remedy at law, where there is no support for equitable relief in the facts alleged, but, in a case where it is within the power of the court to grant equitable relief upon the facts alleged in the complaint and proved upon the trial, the fact that the plaintiff has an adequate remedy at law is a defense which must be pleaded to enable the defendant effectually to raise the objection.

CROSS-APPEALS by the plaintiff, George W. Thomas, and the defendant, The Grand View Beach Railroad Company, from portions of a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Monroe on the 11th day of August, 1893, upon the decision of the court after a trial at the Monroe County Special Term.

The plaintiff alleged that the defendant unlawfully constructed its railroad upon his land, and has since run its cars upon it. The action is brought to restrain the defendant from maintaining and operating its railroad upon plaintiff's land, and for damages.

*John Desmond*, for the plaintiff.

*John D. Lynn*, for the defendant.

BRADLEY, J.:

The facts, as found by the court, are that in April, 1891, the defendant went upon the plaintiff's premises and there constructed its electric railroad without the consent of the plaintiff; that in May following the defendant began and has since continued the operation of the railroad by running a motor car and one or two cars attached thereto, and that it will continue to do so unless compelled to desist therefrom. These findings of fact were warranted by the evi-

dence, and as conclusions of law the court determined that the entry of the defendant upon the plaintiff's land was unlawful; that for the injuries occasioned by such entry, use and occupation of it by the defendant, the plaintiff has an adequate remedy at law, and, therefore, is not entitled to maintain his action for injunctive relief, and that the complaint should be dismissed unless the plaintiff so amends his complaint as to convert the action into one for relief at law. This the plaintiff did not elect to do. And judgment, dismissing the complaint, was entered, as directed. The general rule is that a court of equity will not entertain jurisdiction when the question is properly raised in a case where there is an adequate remedy at law. There are, however, to this rule, some exceptions, within which are cases where equitable relief is necessary to prevent irreparable injury or the multiplicity of suits. (*McHenry* v. *Jewett*, 90 N. Y. 58; *Thomas* v. *M. M. P. Union*, 121 id. 45; *Corning* v. *Troy I. & N. Factory*, 40 id. 191; *Wheelock* v. *Noonan*, 108 id. 179.)

The inquiry is whether or not the plaintiff's case comes within the exception. He could maintain action of trespass against the defendant to recover damages sustained up to the time of its commencement, but the trespass would be continued if the defendant persisted in thereafter maintaining and operating its railroad there, and the plaintiff, for his indemnity, might be required to bring suits from time to time. Such was the situation in *Wheelock* v. *Noonan* (*supra*).

In such case, unless there be some other adequate and ample remedy at law, it would be a proper one for the exercise of equitable jurisdiction where complete relief could be awarded, as justice between the parties should require. (*Lynch* v. *M. E. Ry. Co.*, 129 N. Y. 274.) The railroad in question was constructed of ties, in the usual manner, and for the purpose of its use and operation the defendant had the possession of the land on which it was constructed. The plaintiff, therefore, may maintain ejectment to recover the possession of his land so appropriated. (*Carpenter* v. *Oswego & S. R. R. Co.*, 24 N. Y. 656; *Wager* v. *Troy Union R. R. Co.*, 25 id. 526.) And in such action the plaintiff would, on recovery, be entitled to recover damages for withholding the property and the rents and profits or value of the use and occupation, formerly known as mesne profits (Code Civ. Proc. §§ 1496, 1497, 1531), by

inserting proper allegations for the purpose in the complaint. (*Larned* v. *Hudson*, 57 N. Y. 151; *Clason* v. *Baldwin*, 56 Hun, 326; *Wallace* v. *Berdell*, 101 N. Y. 13.) Whatever the fact may be in that respect it does not appear that the plaintiff has suffered any damages by the entry and use made of the premises by the defendant, other than such as might be recovered in an action of ejectment.

In *Henderson* v. *N. Y. C. R. R. Co.* (78 N. Y. 423), which was an action in equity, damages for injuries resulting to the plaintiff's property outside of the premises upon which the railroad was constructed were included in those claimed to have been suffered by him for reasons there alleged.

And in *Lynch* v. *M. E. Ry. Co.* (129 N. Y. 274) was the like claim for damages, and it may be supposed that the plaintiff there had no title in the fee of the street, where the railroad was constructed. But his easements having relation to his adjacent premises interfered with by the construction and operation of the elevated railroad were those of light, air and access, and thus the beneficial use of his premises was impaired and their value depreciated.

If it be assumed that the plaintiff had an adequate and complete remedy at law by action of ejectment, the further question arises whether the objection was so raised as to make it available to the defendant. It is of course unnecessary to plead it as a defense in a case where there is no support for equitable relief in the facts alleged. (*Hawes* v. *Dobbs*, 137 N. Y. 465–470.) In the present case it was within the power of the court to grant equitable relief upon the facts alleged in the complaint and proved on the trial. And in such case the rule seems now well settled that the fact that the plaintiff has an adequate remedy at law is a defense which must be pleaded to enable the defendant effectually to raise the objection. (*Town of Mentz* v. *Cook*, 108 N. Y. 504; *Ostrander* v. *Weber*, 114 id. 95; *B. S. & C. Co.* v. *D., L. & W. R. R. Co.*, 130 id. 152; *Watts* v. *Adler*, Id. 646; *Williamsburgh S. Bank* v. *Town of Solon*, 136 id. 465–474; *Dudley* v. *Congregation, etc.*, 138 id. 451–460; *Center* v. *Weed*, 63 Hun, 560–563; *Weaver* v. *Haviland*, 68 id. 376–381; *O'Brien* v. *McCarthy*, 71 id. 427.)

This was not done by the answer.

The trial court was permitted by the evidence to find as it did the fact in support of that portion of the judgment from which the defendant's appeal was taken.

The judgment should be reversed and a new trial granted, costs to abide the final award of costs.

DWIGHT, P. J., LEWIS and HAIGHT, JJ., concurred.

Judgment appealed from reversed and new trial granted, with costs to abide the final award of costs.