HERMAN F. INDERLIED and Another, Appellants, *v.* NICHOLAS WHALEY, Respondent, Impleaded with HENRY HART.

*Damages — to what extent recoverable in legal and equitable actions — judgment therefor in an equity action — when a bar to a recovery in a subsequent action at law.*

The damages recoverable in an action at law are limited to such as occurred prior to the commencement thereof, but in an action in equity, where the plaintiffs seek to obtain a permanent injunction forbidding the commission by the defendants of certain alleged wrongful acts and trespasses, and allege damages as incidental to the equity relief, the plaintiffs are entitled, under a proper state of facts, to recover all damages sustained up to the time of the rendering of the decision made in that action, upon which judgment was entered, by reason of the wrongful acts of the defendants.

They are entitled to recover such damages as would necessarily and naturally result, or be incurred, from the injury complained of.

The judgment recovered in such action would be a bar to the maintenance of an action at law to recover damages sustained by the plaintiffs since the making of the decree in the prior action by reason of the alleged wrongful acts of the defendants, if such acts were done prior to the making of the decree in the first action.

APPEAL by the plaintiffs, Herman F. Inderlied and another, from a judgment of the Supreme Court in favor of the defendant Nicholas Whaley, entered in the office of the clerk of the county of Delaware on the 9th day of January, 1894, upon the verdict of a jury dismissing the plaintiffs' complaint upon the merits, rendered

by direction of the court at the Delaware Circuit, and also from an order made on the 9th day of January, 1894, and entered in said clerk's office, denying the plaintiffs' motion for a new trial made upon the minutes.

Prior to April, 1886, plaintiffs were the proprietors of a large manufactory of wood chemicals at Rock Rift, Delaware county, and had acquired the right to pond, and, by means of flumes and ditches, convey to their manufactory for use therein the waters of a stream known as Chace's brook, which is a small mountain stream about two miles in length and flows down a narrow valley through lands owned by several different parties. In the fall of 1885 the defendants commenced operating a steam saw mill upon the banks of said stream above the pond of the plaintiffs, and from the defendants' saw mill the sawdust and debris ran into the waters of Chace brook and ran down into plaintiffs' pond and thus into their factory, causing them damage. In the month of April, 1886, plaintiffs commenced an action on the equity side of the court, against defendants, alleging that the defendants were running sawdust into the stream, causing them injury, and asked by way of relief a temporary injunction, and also a permanent injunction restraining the defendants from depositing sawdust in the stream. A preliminary injunction was granted which restrained the defendants from putting any sawdust in the stream thereafter until the further order of the court. That action was tried at Special Term and resulted in findings of fact and law in favor of the plaintiffs therein and awarding the plaintiffs a perpetual injunction restraining the defendants from depositing sawdust, chips and debris from said saw mill into said brook; and in the 8th finding of fact in that case it was found: "That by reason of defendants depositing said sawdust, etc., in said brook as aforesaid, the plaintiffs have suffered great and irreparable damage and loss."

In the complaint in this action it is alleged "That in an action in this court wherein said Inderlied, Son & Co., were plaintiffs, and these defendants were defendants, it was found, adjudged, determined and decreed that the defendants herein had wrongfully done all the acts herein alleged, and wrongfully caused all the damages and loss herein set forth." Upon the trial of this action the pleadings and findings made by the court in the former action, as well as the judg-

ment thereon, were introduced in evidence. In the course of the opening in this case the plaintiffs' counsel said: "We shall not offer proof that the defendants have run any sawdust into the stream since the temporary injunction was served in the former action." The plaintiffs' counsel asked the court to "rule and hold that the plaintiffs are not precluded from showing damages in this action which arose after the commencement of the former action in equity." The court declined to make such ruling and the plaintiffs took an exception. Thereupon the plaintiffs' counsel said: "The plaintiffs do not claim that the defendants ran any sawdust into the stream after the decision of the court, but do claim that sawdust was run into the stream before the decision of the equity action — has operated to injure the plaintiffs since." Thereupon the court observed "That no evidence can be given of damages flowing from acts found in the equity action to have been committed by the defendants, but any damage flowing from act of defendants constituting a breach of the permanent injunction granted in that action may be given in evidence and recovered for in this action." To that holding the counsel for the plaintiffs took an exception. Thereupon the plaintiffs' counsel asked the court to "hold that although no act has been done by the defendants since the trial of the equity case in violation of the injunction, by running sawdust from the mill into the creek, that the plaintiffs may be entitled to recover for acts done before either injunction, by which sawdust was placed in the creek which afterwards, from its lodging in the dam and the action of the water, injured the plaintiffs." The court declined and the plaintiffs excepted.

A motion was made for a dismissal of the complaint and granted and an exception was taken, and thereupon the court directed the jury to find for the defendants, and plaintiffs excepted, and moved for a new trial on the minutes, which was denied.

*Marvins & Hanford*, for the appellants.

*Levi H. Brown*, for the respondent.

HARDIN, P. J.:

Plaintiffs' former action was brought on the equity side of the court and sustained because of the alleged wrongs and wrongful

acts of the defendants mentioned in the complaint in that action. Plaintiffs' action was maintained by reason of the alleged wrongs and trespasses of the defendants under the acknowledged head of equity giving power to the court to prevent a multiplicity of suits, and allowing a recovery of damages as incidental to the equity relief. (*Williams* v. *N. Y. C. R. R. Co.*, 16 N. Y. 111; *Davis* v. *Lambertson*, 56 Barb. 480; *Hutchins* v. *Smith*, 63 id. 252.) In that action plaintiffs were entitled to recover all the damages sustained up to the time of the trial thereof. (*Beir* v. *Cooke*, 37 Hun, 38; *Robinson* v. *Smith*, 25 N. Y. St. Repr. 653, and cases there cited.)

In *Meyer* v. *Phillips* (97 N. Y. 485) it appeared an action was brought to restrain defendants from floating sawlogs in the waters of a stream, and in dealing with that action the court said that the defendants "threatened to commit, and claimed the right to repeat, the trespass every year. Here a preventive action was proper to prevent an irreparable injury within the meaning of the equitable rule, and also to avoid a multiplicity of suits," and in such an action it was said that damages sustained might be awarded to the plaintiff.

In *Shepard* v. *Manhattan R. R. Co.* (117 N. Y. 442) it was held that property owners have a remedy in a court of equity in cases where the trespass is continuous in its nature in order to avoid a multiplicity of suits, "and they can recover the damages they have sustained, as incidental to the granting of the equitable relief," and it was further said that the violation of the rights to property having been adjudged in such an action, "the awarding of damages, sustained in the past from the defendants, follows, they being, on equitable principles, deemed incidental to the main relief sought."

In *Thomas* v. *Grand View Beach R. R. Co.* (76 Hun, 603) the right to maintain an equity action was asserted, and it was said that in such action "complete relief could be awarded as justice between the parties should require."

In *Galway* v. *Metropolitan El. R. Co.* (40 N. Y. St. Repr. 148) the opinion relates to the right of a party to maintain an action in a court of equity, under somewhat similar circumstances, and it was there said: "The cause of action, both at law and equity, in such cases arises out of the trespasses committed, and is based on the ownership of the property upon which the injuries are inflicted. * * * The existence of a legal cause of action is not only a pre-

requisite to the maintenance of the equitable action, but is also the foundation of the jurisdiction which equity courts possess in respect to the subject-matter. * * * Inasmuch as the equitable remedy depends, among other things, upon the existence of a legal cause of action, it follows that those facts which will bar the legal action will also afford an answer to the equitable remedy, and that so long as a legal remedy exists an equity court is open to aid in the enforcement of the legal claim." If the former case had been a mere law action the damages recoverable would have been limited to such as occurred prior to the commencement of the action. (*Uline* v. *N. Y. C. & H. R. R. R. Co.*, 101 N. Y. 98; *Rumsey* v. *N. Y. & N. E. R. R. Co.*, 63 Hun, 205; *Galway* v. *M. E. R. Co.*, *supra.*)

In *Hunter* v. *M. R. Co.* (141 N. Y. 281) it was said that inasmuch as the action was on the equity side "where the main relief sought was an injunction against the continuance by the defendants of acts in violation of the plaintiff's property rights, an award of damages, for what past injuries might be shown to have been inflicted, would follow as incidental to the main relief. In such an action it is the settled rule that if the court decides that the claim for the equitable relief is well founded, it may proceed to assess the damages sustained, in its own discretion, and no absolute right exists to have them determined by a jury."

In *Lynch* v. *M..E. R. Co.* (129 N. Y. 274) it was held, viz.: "Where a court of equity gains jurisdiction of a cause for one purpose it may retain it generally, and to do complete justice between the parties, ascertain and award damages as incidental to the main relief sought. Where, therefore, an equity court assumes jurisdiction to restrain a continuous trespass, in order to prevent a multiplicity of suits, it may proceed to give full relief, both for the tortious act and the resulting damages."

In *Van Allen* v. *N. Y. E. R. R. Co.* (144 N. Y. 178) the question arose as to what damages might be recovered, and O'BRIEN, J., said : " The facts showing the right to the injunction are undoubtedly the basis for equitable relief in such cases, and the claim for damages is an incident which equity draws into the litigation in order to prevent a multiplicity of suits and to completely adjust all the rights of the parties. * * * The measure of the relief is

adapted to the situation at the time of the decree.   *   *   *   No principle is better established or more frequently asserted than that when a court of equity has once acquired jurisdiction over a cause for any purpose, it may retain the cause for all purposes and proceed to a final determination of all the matters at issue." It must be assumed that in the former action the plaintiffs could have recovered all damages which accrued prior to the decision which was made of that action apparently in September, 1887, upon which decision judgment was entered January 12, 1888. It was said in the opening in this case that in the former action evidence was given to support the complaint therein, and the counsel in the course of his remarks stated : "The main facts are in the former adjudication, and we shall ask this jury to give their attention more particularly to the amount of damages which the plaintiffs, the Inderlieds, have suffered. The former action found all the facts substantially that were necessary to substantiate our action, but in that action there was no proof as to the value of the damages." It follows from the cases to which reference has been made that the plaintiffs were entitled to recover such damages as they had sustained by reason of the wrongful acts of the defendants done at the time of the making of the decree in that action.

The pleadings and concessions made upon the trial indicate that no wrongful acts were perpetrated by the defendants after the decree made in the former action. We are inclined to think that that judgment is a bar to the plaintiffs' right to recover for the matters referred to in the complaint in this action and in the opening made at the trial.

In *Smith* v. *Smith* (79 N. Y. 634) it was held that "an estoppel by judgment in a former action arises when the same matter was at issue therein, and was either litigated by the parties and determined or it might have been litigated and a decision had upon it.   *   *   * It is sufficient if there might have been judgment in the first action for the same cause alleged in the second." The same doctrine was laid down in *Clemens* v. *Clemens* (37 N. Y. 74), and referred to approvingly in *Bloomer* v. *Sturges* (58 id. 176). And in *Jordan* v. *Van Epps* (85 id. 436) it was said : "The judgment is final and conclusive between the parties, not only as to the matters actually determined but as to every other matter which the parties might

have litigated and have decided as incident to or essentially connected with the subject-matter of the litigation within the purview of the original action, either as a matter of claim or of defense."

In *Lorillard* v. *Clyde* (122 N. Y. 47) it was said the omission to give proof of the damages would not affect the force to be given to the judgment. In the course of the opinion it is said : "Evidence merely tending to show that the defendants omitted to produce upon the trial all the evidence that was admissible in their behalf was immaterial. A judgment rendered on the merits is co-extensive with the issues upon which it is founded, and is conclusive between the parties thereto, not only as to the matters actually proved, argued and submitted for decision, but also as to every other matter directly at issue by the pleadings which the defeated party might have litigated." Numerous cases are then cited in support of the proposition thus stated. In the case before us the complaint, after setting out the various grounds for the supposed right to recover in this action, expressly avers, viz. : "That in an action in this court wherein said Inderlied, Son & Co. were plaintiffs and these defendants were defendants, it was found, adjudged, determined and decreed that the defendants herein had wrongfully done all the acts herein alleged and wrongfully caused all the damages and loss herein set forth." The plaintiffs were entitled to recover such damages in that action "as would necessarily and naturally result or be incurred from the injury complained of." (*Argotsinger* v. *Vines*, 82 N. Y. 314 ; *Henderson* v. *N. Y. C. R. R. Co.*, 78 id. 423.)

In *McGean* v. *M. E. R. Co.* (133 N. Y. 9) it was held that a party was entitled to preventive relief, " and the court as a court of equity thus having jurisdiction for this purpose, had power to award the past damages ; " and in the course of. the opinion delivered in that case, at page 16, it is said that " If the controversy contains an equitable feature or requires any purely equitable relief belonging to the exclusive jurisdiction of equity, or pertaining to the concurrent jurisdiction of equity and law, and a court of equity thus acquires a partial cognizance of the action, it may go on to a complete adjudication and establish purely legal rights and grant legal remedies, which would, otherwise, be beyond the scope of its authority. (Pom. Eq. Juris. §§ 181, 231, 242.) So long as one of the grounds

of equitable interference in this class of cases is the avoidance of a multiplicity of suits, this rule must prevail." The foregoing views lead to the conclusion that the result reached at the Circuit should be sustained.

MARTIN and MERWIN, JJ., concurred.

Judgment and order affirmed, with costs.