JOHN F. RICHARDS *v.* THE BALTIMORE & OHIO RAILROAD COMPANY.

(*January* 24, 1927.)

HARRINGTON, J., sitting.

*Reuben Satterthwaite, Jr.,* and *William H. Foulk* for plaintiff.
*John W. Huxley, Jr.,* for defendant.

Superior Court for New Castle County, January Term, 1927.
No. 5, January Term, 1926.

HARRINGTON, J.: ■ *Merchants' Union Trust Co. v. New Phila. Graphite Co.*, 10 *Del. Ch.* 18, 83 *A.* 520, has no application to this case. At the time this suit was brought, the Baltimore & Ohio Railroad Company was the lessee of the Baltimore & Philadelphia Railroad Company, enjoying and using all of the charter rights and franchises of that corporation, and was, therefore, bound by its charter obligations, including those set forth in *section* 14, *c.* 185, *vol.* 13, *Laws of Delaware. Buffalo Stone & Cement Co. v. Del., L. & W. R. R. Co.*, 130 *N. Y.* 152, 29 *N. E.* 60; *Mullen v. Philadelphia Traction Co.*, 4 *Pa. Co. Ct. R.* 165; *Mayor, etc., of New York v.* 23rd *St. Ry. Co.*, 113 *N. Y.* 311, 21 *N. E.* 60; *City of Chicago v. Evans*, 24 *Ill.* 52; *People v. St. L., A. & T. R. R. Co.*,

176 *Ill.* 512, 52 *N. E.* 292, 35 *L. R. A.* 656; *Elliott on Railroads,* *vol.* 1, § 524; *Com. v. Pa. R. R. Co.,* 117 *Pa.* 637, 12 *A.* 38; *Pa.* *R. R. Co. v. Sly,* 65 *Pa.* 205.

The motion for a non-suit is, therefore, refused.

The defendant company then introduced its evidence and admitted that the tracks of the road operated by it divided the farm belonging to the plaintiff; that the Lumbrook Crossing had been closed by it, and that while the plaintiff had no convenient means of access to the 40-acre tract, no private crossing had been constructed for the benefit of that tract.

It appeared that the Lumbrook crossing and the old condemned public road leading thereto adjoined the cultivated portion of the Richards farm on the west. Whether such road and the crossing had ever constituted a portion of that farm, however, did not clearly appear, though half of it was claimed by the plaintiff. It also appeared that, if such crossing and the road leading thereto were opened, even as a private way, for the benefit of the Richards farm, they would connect two much traveled public roads.

The defendant contended that a crossing at Lumbrook would be used by the public; would increase the risk of operating its road, and, therefore, was not a reasonable and suitable place for a crossing for plaintiff's sole benefit. It further contended that its failure to construct a crossing for the plaintiff's farm was wholly due to his failure to agree on any proper location for such crossing, and that it was, therefore, not responsible to him for the resulting damages.

The court was requested to instruct the jury to find a verdict for the defendant. This request, like the motion for a non-suit, was based on the contention that the Baltimore & Ohio Railroad Company, though the lessee of the rights, franchises and roadbed of the Baltimore & Philadelphia Railroad Company, was not bound by the charter obligations of that corporation, and that the plaintiff, therefore, had no right of action against the Baltimore & Ohio Railroad Company.

HARRINGTON, J., charged the jury in part as follows:

Section 14 of the charter of the Baltimore & Philadelphia Rail-

road Company (*chapter* 185, *volume* 13, *Laws of Delaware*), which company is admitted to be the lessor of the Baltimore & Ohio Railroad Company, provides:

"That the said railroad shall be so constructed by the said company as not to impede or obstruct the free use or passage of any public road or roads which may cross or enter at the same, being now laid out or to be hereafter laid out, and in all places where the said railroad may cross, or in any way interfere with any public road, it shall be the duty of the said company to make and maintain, or cause to be made and maintained, a good and sufficient causeway or causeways to enable all persons passing or travelling such public roads to cross or pass over or under the said railroad, and that for the accommodation of all persons owning or possessing land through which the said railroad may pass, it shall be the duty of the said company to make and maintain, or cause to be made and maintained, a good and sufficient causeway or causeways whenever the same may be necessary to enable the occupant or occupants of said lands to cross or pass over the same with wagons, carts, or implements of husbandry, as occasion may require."

The defendant admits that this clause is binding on the Baltimore & Philadelphia Railroad Company, but denies that it is binding on the Baltimore & Ohio Railroad Company, the defendant in this action.

I am, therefore, requested, among other things, to instruct you, as a matter of law, that this provision does not bind the Baltimore & Ohio Railroad Company; that no cause of action against it can be based thereon, and that your verdict must, therefore, be for the defendant. I cannot so instruct you.

While suit might have been brought against the Baltimore & Philadelphia Railroad Company for failure to perform the obligations of section 14 of its charter (*Whitney v. Atlantic & St. L. R. R. Co.*, 44 *Me.* 362, 69 *Am. Dec.* 103), it is well settled that the lessee of the roadbed, rights and franchises of a railroad company is also bound to perform the charter obligations of the lessor corporation, even though such obligations are not expressly assumed in its lease. *Buffalo Stone & Cement Co. v. Del. L. & W. R. R. Co.*, 130 *N. Y.* 152, 29 *N. E.* 121; *Mullen v. Phila. Traction Co.*, 4 *Pa. Co. Ct. R.* 165; *Mayor, etc., of N. Y. v.* 23rd *St. Ry. Co.*, 113 *N. Y.* 311, 21 *N. E.* 60; *City of Chicago v. Evans*, 24 *Ill.* 52; *People v. St. L., A. & T. R. R. Co.*, 176 *Ill.* 512, 52 *N. E.* 292, 35 *L. R. A.* 656; *Com. v. Pa. R. R. Co.*, 117 *Pa.* 637, 12 *A.* 38; *Pa. R. R. Co. v. Sly*, 65 *Pa.* 205; 1 *Elliott on R. R.*, § 524.

In this connection *Elliott on Railroads,* § 524, aptly says:

"As a general rule, it is safe to say that the lessee is bound to perform all the public duties imposed by law upon the lessor company. The lessee company takes the burdens with the benefits."

That being true, the defendant company was bound to construct a crossing for the benefit of the plaintiff's farm over the tracks of the road operated by it.

In determining the location of a private crossing, such as is provided for in section 14 of the charter of the Baltimore & Philadelphia Railroad Company, what is reasonable and proper under the circumstances must, however, be considered. As the owner or possessor of the farm in question is entitled to "a good and sufficient causeway or causeways whenever the same may be necessary to enable" him "to cross or pass over the same (the railroad tracks) with wagons, carts, or implements of husbandry, as occasion may require," the needs, necessities or convenience of the owner or occupier of such farm must be taken into consideration. Any unusual risk that would be imposed on the railroad company in operating its road from the selection of a particular site must, also, be considered in connection with the benefits to the farm and neither party can arbitrarily and without good and sufficient reason insist on the selection of a location to the manifest injury of the other. *Jones v. Seligman,* 81 *N. Y.* 193; *Wademan v. Albany & Susq. R. R. Co.,* 51 *N. Y.* 568; *Burke v. Grand Trunk Ry. Co.,* 6 *U. C. C. P.* 484.

While these principles should govern the selection of a location for a farm crossing, the mere fact that the defendant could not agree with the plaintiff on the location for such a crossing did not relieve that company of its responsibility to construct such·a crossing at a reasonably convenient and proper place for the Richards farm. *Burk v. Grand Trunk Ry. Co.,* 6 *U. C. C. P.* 484.

It is conceded that the defendant company has failed to construct a crossing for the benefit of the plaintiff's farm. It is, therefore, responsible to him for the resulting damages, and your verdict must be for the plaintiff. While the amount of such verdict is for you to determine, it must be governed by the evidence.