MAYOR AND COUNCIL OF LAUREL, a municipal corporation
of the State of Delaware,
Plaintiff,

*vs.*

DELAWARE RAILROAD COMPANY, a corporation of the State of Delaware, and PENNSYLVANIA RAILROAD COMPANY, a corporation of the State of Pennsylvania,
Defendants.

*Sussex, Sept. 14, 1959.*

*Daniel J. Layton, Sr.,* Georgetown, for plaintiff.

*Jackson Raysor,* of Tunnell & Raysor, Georgetown, for defendants.

SEITZ, Chancellor: This is an action for a mandatory injunction brought by the Mayor and Council of Laurel, a municipal corporation

of the State of Delaware ("plaintiff"), to compel defendant Delaware Railroad Company ("Delaware") and/or defendant, Pennsylvania Railroad Company, to construct a suitable crossing over the line of the railroad at Tenth Street in the Town of Laurel. Delaware is lessor and the Pennsylvania Railroad Company is lessee of the property involved. Plaintiff relies upon a provision in Delaware's charter as the basis for this action.

Tenth Street in Laurel has existed as such for some 60 years. It runs east to the beginning of the railroad's property, which is 175 feet wide. After this break, it continues into Central Avenue, which forms a part of U. S. Route 13. Persons using Tenth Street must now turn north and go to a "crossing" street if they desire to traverse defendants' tracks.

The Laurel public school is located near the point where Tenth Street connects with Central Avenue. Route 13 runs into a dual highway which runs past Laurel on the south. At the western end, Tenth Street runs into West Street, which runs into Route 24 (Sharptown Road). While defendants' land is 175 feet wide, the actual width of the area used for the tracks is only 66 feet.

Plaintiff has unsuccessfully endeavored to induce the defendants to construct a crossing at Tenth Street. On June 4, 1958, plaintiff adopted a resolution which provided in part:

> "Resolved that the Delaware Railroad Company * * * and Pennsylvania Railroad Company * * * construct and maintain a suitable crossing over the line of railroad at Tenth Street * * * pursuant to the duty and obligation imposed upon the Delaware Railroad Company by its charter."

A copy of this resolution was sent by registered mail to the defendants. Defendants have not agreed to erect a crossing.

At the present time, within the Town of Laurel, there are five crossings over the railroad within a distance of 1,600 feet. The streets having such crossings all run approximately parallel to Tenth Street. Tenth Street is the southernmost street in Laurel. Every street from

Market Street south in Laurel contains a crossing except for Tenth Street itself.

Plaintiff and defendants have filed cross motions for summary judgment and this is the decision thereon.

 Defendants say first that the relief sought by the complaint is a mandatory injunction. They contend that the only relief provided for in 26 Del.C. § 317 is specific performance.

Defendants' first contention is not relevant. Plaintiff has conceded that 26 Del.C. § 317 does not directly govern this case. It is cited merely to demonstrate public policy on the issue of construction and maintenance of railroad crossings in this state. There are other reasons why the statute is inapplicable but I need not consider them in view of plaintiff's concession.

Defendants next argue that the plaintiff must condemn that portion of defendants' property which does not lie between the tracks and compensate defendants therefor before defendants can be ordered to construct a crossing. Defendants say that otherwise they will be deprived of their property without due process of law. Plaintiff says the defendants' damages are de minimis and thus condemnation is unnecessary.

 Delaware's duty with respect to railroad crossings is set forth in the following provision of its charter:

"* * * And it shall also be the duty of the said company (Delaware) to construct and keep in repair good and sufficient passages across said railroad where any public road shall intersect and cross the same, so that the passage of carriages, horses, persons and cattle along said roads shall not be obstructed." 9 Del.L. Chap. 11, § 15.

I construe the quoted provision to mean that Delaware has the duty to construct at its own expense that portion of a road which lies within its tracks. The charter obligation is also binding on the lessee. See *Richards v. Baltimore & Ohio Railroad Co.*, 4 *W.W.Harr.* 90, 143 *A.* 404. I consider later the contention of Delaware that the charter provision does not obligate it to construct crossings within the

boundaries of its tracks for roads built after the construction of the railroad.

■ ■ What about the portions outside the tracks but within defendants' property lines? The clear implication of my construction of the charter is that if plaintiff desires to have a road across the balance of defendants' property, plaintiff must build it at its own expense. In any event, the clear weight of authority is to the effect that a railroad is liable for the construction and maintenance of a crossing only between its tracks except so far as the position of the tracks necessitates approaches significantly more elaborate than would be required if the tracks were not there. See 44 *Am.Jur., Railroads,* § 295; *Gable v. Kriege,* 221 *Iowa* 852, 267 *N.W.* 86, 105 *A.L.R.* 539; *State ex rel. Lancaster County v. Chicago, B. & Q. R. Co.,* 29 *Neb.* 412, 45 *N.W.* 469. There is no contention by plaintiff that such approaches are required here. Therefore, defendants are not liable for the cost of constructing the road outside of their tracks.

■ Must plaintiff condemn before it can build? Property owned by a railroad, although devoted in one sense to the public use, is private property and therefore is entitled to the protection of the 14th Amendment to the Federal Constitution. Consequently, when a street is laid out across a railroad's property, the railroad is generally entitled to compensation. See 18 Am.Jur., Eminent Domain, §§ 173-174. This ordinarily requires a condemnation proceeding.

■ But plaintiff says that defendants' damages are nominal at best and so condemnation is unnecessary.

I conclude here that plaintiff must condemn the strip in question before it can build and before defendants could be required to construct that portion of the road which will lie within its tracks. I say this because there will be a "taking." The plaintiff's charter (49 Laws of Delaware, Chap. 277, § 9) authorizes condemnation in such a case. Moreover, it is not clear on the present record, contrary to plaintiff's assertion, that defendants' damages will be nominal. Thus, this court might hold a hearing on this point and determine that the damages would be more than nominal. In such event it would require the plaintiff to institute condemnation proceedings if it desired the ease-

ment. The possibility of two hearings ought to be avoided. It is avoided by requiring condemnation regardless of the extent of damages.

■■ Defendants next argue that they are only liable to build a crossing between their tracks when a road intersects the tracks. They point out that at the moment Tenth Street does not intersect their tracks. Consequently, they deny the present duty. Defendants' contention is correct in view of the language of Delaware's charter. However. it does not follow that defendants must be granted summary judgment. I say this because of the possible economic waste it might create. ·Defendants argue that it would be wrong to require them to construct a crossing between the tracks until Tenth Street intersects the tracks since the plaintiff may never extend Tenth Street to intersect the tracks and thus defendants' expenditure would be for naught. Although defendants' argument is sound, their logic cuts both ways. It would be equally wrong to put the plaintiff in a position of being forced to complete condemnation proceedings and extend Tenth Street to defendants' tracks before it could get a determination of the issue of whether defendants will then be obligated to construct and maintain the crossing. It is only right that the issue be determined prior to such expenditure. Moreover, if defendants' motion for summary judgment dismissing the complaint now before the court is granted, plaintiff would be forced to bring another action. Such multiplicity of actions would serve no legitimate purpose.

■■ I come then to defendants' argument that, as a matter of law, they are not obligated to construct or maintain crossings for highways built after the construction of the railroad. The general law appears to be to the contrary. 44 *Am.Jur., Railroads,* § 294; *New Jersey Highway Authority v. Central Railroad Co. of New Jersey,* 21 N.J. 157, 121 *A.2d* 388. The rationale is clear. A railroad receives its charter subject to the implied condition that it will construct such crossings. Assuming that Delaware's charter provision was intended to apply only to the allocation of the expense of creating crossings, nevertheless, I am satisfied that the charter language is consistent with the general law.

Finally, defendants argue that, as a matter of law, the proposed crossing is not reasonably required by public convenience or necessity.

They say that there was no examination of the need for such a crossing until after the order was presented to defendants; that five other streets cross the railroad within 1,600 feet; and that the expenditure which would be required outweighs any public convenience that there may be.

Preliminarily, while Delaware's charter does not make its duty to erect a crossing subject to any limitation based upon convenience or necessity, the court feels that this is a limitation necessarily implied to avoid a constructive taking without compensation.

In the first instance, the opinion of the plaintiff is entitled to real weight on this question. When coupled with the affidavits and depositions which plaintiff has filed showing, inter alia, that business, traffic conditions, travelers, and the location of the Laurel Public School all would be better served by the proposed crossing, it is impossible to conclude as a matter of law that plaintiff's request is unreasonable or arbitrary. The defendants' motion for summary judgment must be denied.

Plaintiff's motion for summary judgment must also be denied because it has not yet extended Tenth Street. However, if it does so, can it require defendants to construct a crossing over their tracks? It can unless the action requested of defendants is not required by public convenience or necessity. Otherwise stated, is the action required of defendants plainly unreasonable and arbitrary? Compare *Denver & R. G. R. Co. v. City and County of Denver,* 250 *U.S.* 241, 39 *S.Ct.* 450, 63 *L.Ed.* 958. As stated, plaintiff's opinion is entitled to a great deal of weight on this issue. Moreover, plaintiff has introduced numerous affidavits and a deposition to support the need for the Tenth Street crossing. Defendants' argument that such depositions and affidavits were not taken until after the order was given is demonstrative of nothing more than the accuracy of plaintiff's "feel" for the public weal.

However, defendants point out that five other streets cross the defendants' tracks within 1,600 feet. It also has filed an affidavit that the crossing with proper protection will cost $32,900. The plaintiff's counter affidavit suggests that the maximum cost to lay a proper

pavement across the tracks would be $2,050. Assuming that the costs other than the mere paving costs are relevant on the issue of convenience or necessity the court could not resolve the basic issue without a hearing to "get" the complete picture. Cost alone is generally not decisive.

Both motions for summary judgment will be denied and the case will be fixed for trial on the issue of convenience and necessity. If this issue is ultimately decided in plaintiff's favor, the action will be stayed to await the completion of the condemnation proceedings. This record can then be supplemented to show such action. Thereafter the court will determine the nature of the remedy to be granted plaintiff.

Present order on notice.